Alejandro G. GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–87–00528–CR.

Court of Appeals of Texas,
San Antonio.

May 11, 1988.

Discretionary Review Refused
Oct. 19, 1988.

Peter A. Sakai, San Antonio, for appellant.

Fred G. Rodriguez, Susan Scolaro, Michael L. Gebhart, Criminal Dist. Attys., San Antonio, for appellee.

Before BUTTS, CANTU and CHAPA, JJ.

## OPINION

CHAPA, Justice.

This is an appeal from a conviction before the court of appellant, Alejandro G. Garcia, for possession of heroin, less than 28 grams (habitual). The appellant was sentenced to 50 years' confinement. We reverse and remand.

The issues are

1) whether the evidence is sufficient to support the conviction; and

2) whether the trial court erred in considering the stipulations without first approving the appellant's waiver and consent in writing.

■ In his initial complaint, appellant contends that the evidence is insufficient to support the conviction. In particular, appellant alleges there was insufficient evidence to "affirmatively link" the appellant to the heroin.

After observing a motel room for several days, San Antonio Narcotic Detectives Bob Tackett, Eugene Tobias, and Greg Whitlock executed a search warrant of the room under surveillance. In the process, appellant was arrested in the motel parking lot and had in his possession the key to the room in question, with which he opened the door to let the officers in. Several persons were discovered in the room, and a satchel with narcotics paraphernalia and heroin were found. The appellant claimed ownership of the satchel. Other drug paraphernalia was found throughout the room.

■ In order to establish the unlawful possession of a controlled substance, the State must prove two elements beyond a reasonable doubt: 1) that the accused exercised actual care, custody, control or management over the contraband, and 2) that the accused knew that the substance was contraband. *Dickey v. State,* 693 S.W. 2d 386, 389 (Tex.Crim.App.1984) (en banc). When the accused is not in exclusive possession of the place where the substance is found, it cannot be concluded that the accused had knowledge of and control over the contraband unless there exists additional independent facts and circumstances which affirmatively link the accused to the contraband. *Pollan v. State,* 612 S.W.2d 594 (Tex.Crim.App.1981). In reviewing the sufficiency of the evidence, the standard developed is whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of the facts could have found the elements of the offense beyond a reasonable doubt. *McGoldrick v. State,* 682 S.W.2d 573, 577 (Tex. Crim.App.1985) (en banc). It is doubtful that the State here has clearly established the appellant had exclusive possession of the premises where the substance was found, but the record adequately affirmatively links the appellant to the contraband. *Norman v. State,* 588 S.W.2d 340 (Tex. Crim.App.1979), *cert. denied,* 446 U.S. 909, 100 S.Ct. 1836, 64 L.Ed.2d 261 (1980); *Leija v. State,* 738 S.W.2d 749 (Tex.App.—San Antonio 1987, no pet.).

Under the appropriate standard of review, the following corroborative evidence tended to affirmatively link the appellant to the contraband:

1) A reliable informant had provided drug related information leading to the surveillance of the room in question.

2) The appellant, in possession of the suspected room key, was arrested in the parking lot of the motel when the surveillance took place.

3) Appellant's witness, Roberta Novier, testified the room in question was appellant's room, and that she had been there before to buy heroin from the appellant.

4) The appellant admitted the satchel which contained the drug paraphernalia and heroin was his.

5) Other contraband and drug paraphernalia was discovered throughout the room.

The initial point of error is overruled.

■ In his final point, appellant contends the trial court erred in considering the stip-

ulations without first approving the appellant's waiver and consent in writing. The State concedes the error. Where appellant contends the error should result in an acquittal, the State argues that the remedy is to remand the case for a new trial. We agree with the State.

██ TEX.CODE CRIM.PROC.ANN. art. 1.15 provides that "such waiver and consent [to stipulations] must be approved by the court in writing, and be filed in the file of the papers of the cause." This mandatory statute, should be strictly followed, and a judgment based on a stipulation which has been presented in violation of the statute, must be reversed. *McClain v. State,* 730 S.W.2d 739 (Tex.Crim.App. 1987) (en banc); *Young v. State,* 648 S.W. 2d 6 (Tex.Crim.App.1983) (en banc). The consent of the accused is what must be approved in writing by the court, and not the stipulations. *McClain v. State, supra; Landers v. State,* 720 S.W.2d 538 (Tex. Crim.App.1986) (en banc). Moreover, failure to comply with this mandatory statute cannot be waived by the accused. *McClain v. State, supra.* When the judge approves the consent of the accused in writing, the stipulation then becomes the "writing of the court." *McClain v. State, supra; Young v. State, supra.* Failure to strictly comply with the statute, requires that the stipulations not be considered even if the trial judge's docket sheet reflects that the judge orally approved the accused's consent. *McClain v. State, supra.*

The record here reflects that all the evidence at trial consisted of stipulations and that appellant's waiver and consent was not approved by the trial judge in writing. However, because the error is one of omission and only a trial error, the appellant is not entitled to an acquittal. *McClain v. State, supra; Messer v. State,* 729 S.W.2d 694 (Tex.Crim.App.1987) (on rehearing).

The judgment is reversed and the cause is remanded to the trial court for a new trial.