Bernardo PUENTE, Jr.

v.

STATE of Texas.

No. 04–92–00706–CR.

Court of Appeals of Texas,
San Antonio.

Nov. 2, 1994.

Paul A. Lechowick, San Antonio, for appellant.

Edward F. Shaughnessy, III, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before CHAPA, C.J., and STONE and HARDBERGER, JJ.

## OPINION

HARDBERGER, Justice.

Appellant, Bernardo Puente, Jr., was indicted for the offense of possession of cocaine and possession of cocaine with intent to deliver. Trial was before a jury on a plea of not guilty. The jury found appellant guilty and the court assessed punishment at ten (10) years' confinement in the Institutional Division of the Texas Department of Criminal Justice (probated). Timely notice was given and this appeal, alleging eleven points of error, has followed. We affirm the conviction.

### Background

Appellant was arrested after a raid on a house conducted by the San Antonio Police Department. Detective Corn, of the San Antonio Police Department, received information from a reliable informant that narcotics were being sold out of a house at 105 Mary, San Antonio, Texas. Detective Corn set up surveillance at the house and saw both car and foot traffic at the house and saw George Yanes and Angie Guerrero selling drugs. Detective Corn had previously executed search warrants on several drug houses operated by George Yanes.

After conducting the surveillance, Detective Corn secured a search warrant. The officers then entered the home and found the appellant and others. The police officers took appellant and the others to the living room. The officers handcuffed appellant and sat him down on a sofa and read him his rights and the warrant. The officers then searched the house and found a controlled substance on the window sill in the back of the house. They also found a powdery substance in the kitchen which turned out to be aspirin.

During the search the appellant made the following statement: "I don't live here. I don't live in this apartment. What you found is aspirin, crushed aspirin." This statement was not made in response to any questioning by the police.

### Standing to Contest Search and Seizure

Appellant's first four points of error contend that the trial court erred in denying his motion to suppress evidence because the evidence was obtained as the result of an illegal search and seizure. In his first four points, appellant complains that the search warrant and the affidavit supporting the warrant were defective in one respect or another, and that the inventory of the search was defective, thus resulting in an illegal search and seizure.

Appellant has not claimed any right of ownership to the house, nor did he establish that he had a reasonable expectation of privacy in the premises searched. An accused bears the burden of proving that he has a legitimate expectation of privacy in the premises searched. *Rawlings v. Kentucky*, 448 U.S. 98, 104, 100 S.Ct. 2556, 2561, 65 L.Ed.2d 633 (1980); *Flores v. State*, 871 S.W.2d 714, 719–20 (Tex.Crim.App.1993). An accused who asserts neither a possessory nor a proprietary interest in the premises cannot be heard to complain of police actions taken on that premises. *Rakas v. Illinois*, 439 U.S. 128, 143, 99 S.Ct. 421, 430, 58 L.Ed.2d 387 (1978); *Calloway v. State*, 743 S.W.2d 645 (Tex.Crim.App.1988). At the suppression hearing the Appellant presented no evidence of a reasonable expectation of privacy in the house. At the conclusion of the hearing the trial court made an express finding that Appellant had not met his burden on the issue of standing.

■ Appellant argues that he has standing to challenge the search because as a result of the search he was charged with a crime and convicted on the strength of the evidence seized during the challenged search. Appellant's position is untenable. Individuals charged with crimes of possession do not have automatic standing to challenge the legality of the search which produced the evidence against them. *United States v. Salvucci,* 448 U.S. 83, 85, 100 S.Ct. 2547, 2549, 65 L.Ed.2d 619 (1980). Only individuals whose fourth amendment rights have been violated are entitled to benefit from the exclusionary rule's protection. *Rakas,* 439 U.S. at 134, 99 S.Ct. at 425. As stated above, the appellant has the burden of showing not only that the search was illegal but that he had a reasonable expectation of privacy in the premises that was searched. *Rawlings v. Kentucky,* 448 U.S. at 104, 100 S.Ct. at 2561.

Appellant failed to show that he has any standing to contest the search and seizure in the instant case, therefore, the trial court's ruling on the motion to suppress is affirmed. Appellant's first four points of error are overruled.

### Suppression of Statements

In his fifth point of error the appellant contends that the trial court erred in denying his motion to suppress statements he made since they were obtained as a result of the appellant's illegal arrest.

■ Appellant made several statements while the officers were searching the premises. Appellant stated "I don't live here. I don't live in this apartment. What you found is aspirin, crushed aspirin." The appellant volunteered the above statement. While the statement was made, appellant was handcuffed and sitting on a couch in the front room of the house. However, the statement was not made in response to any questioning. Before the statements were made, the appellant had been read his rights and indicated that he understood them. In addition, before any statements were made suspected narcotics were found in the kitchen and back room.

Appellant argues that these statements should have been suppressed under the rule set out in *Brown v. Illinois,* 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975). The court in *Brown* held that a statement obtained following an illegal arrest is not rendered admissible merely because the *Miranda* warnings are administered.

The State concedes that appellant's arrest was initially illegal. However, appellant's statement was not made until after the suspected narcotics had been found inside the location. Therefore, at the time the statement was made the officers had probable cause to arrest the appellant for an offense committed in their presence. *See* Tex.Code Crim.Proc.Ann., art. 14.01 (Vernon 1977); *Astran v. State,* 799 S.W.2d 761 (Tex.Crim. App.1990). At the time the statement was made, the appellant was in legal custody and the *Brown v. Illinois* rule was no longer applicable.

■ The appellant's statement was given voluntarily. That is, it was not given in response to any interrogation. Since the statement was given spontaneously, and not in response to interrogation, the taint of the illegal arrest was sufficiently attenuated. *See Wong Sun v. United States,* 371 U.S. 471, 491, 83 S.Ct. 407, 419, 9 L.Ed.2d 441 (1963). Exclusion of a statement given after an illegal arrest is not necessary unless the statement was the result of the illegal detention. *Rawlings v. Kentucky,* 448 U.S. at 106, 100 S.Ct. at 2562. The Supreme Court has set fourth several factors to consider in determining if a confession is "obtained by exploitation of an illegal arrest." *Brown v. Illinois,* 422 U.S., at 603–604, 95 S.Ct. at 2261–62. The factors are: (1) whether *Miranda* warnings were given; (2) the temporal proximity between the arrest and the confession; (3) the presence of intervening circumstances; and (4) the purpose and flagrancy of the official misconduct. *Id.; Johnson v. State,* 871 S.W.2d 744, 751 (Tex.Crim.App. 1994); *Jones v. State,* 833 S.W.2d 118, 124 (Tex.Crim.App.1992).

"No single fact is dispositive" of the issue. *Brown v. Illinois,* 422 U.S. at 603, 95 S.Ct. at 2261. The crucial inquiry is whether or not the giving of a statement is found to be "sufficiently an act of free will to purge the primary taint." *Id.*

Our review of the record in light of the foregoing factors convinces us that the trial court did not err in allowing the statement into evidence. Any taint of the illegal arrest was purged and the declaration was admissible. First, appellant was read his *Miranda* rights prior to making the statement. Second, there were serious intervening circumstances which weigh heavily in favor of the State. Appellant and the other arrestee were left to their own devices while the search was conducted. During the search the police discovered a controlled substance in the back room and what they believed to be a controlled substance in the kitchen. It was only after the discovery of suspected controlled substances that appellant made the voluntary statements in question.

The final consideration is the purpose and flagrancy of the official misconduct. There is no evidence that purposeful or flagrant misconduct occurred. The only misconduct that did occur was the premature handcuffing of appellant. At the time the statement was given, officers were lawfully on the premises in the process of executing a search warrant. Furthermore at the time the statement was made probable cause existed to arrest the appellant. This statement was not the result of any interrogation but was volunteered as a potentially exculpatory statement.

Any taint arising out of the appellant's alleged illegal arrest was sufficiently attenuated to make the appellant's statement a product of his free will and not a product of the arrest. *See Fuller v. State,* 829 S.W.2d 191 (Tex.Crim.App.1992); *Jones v. State, supra.*

### Insufficiency of the Evidence

In his sixth, seventh and eighth points of error, appellant complains that the evidence is insufficient as a matter of law to prove appellant's possession of contraband, knowing possession of contraband and possession of contraband with intent to deliver.

■ When reviewing a sufficiency of the evidence claim, the appellate court should view the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the ap-

pellant guilty of all of the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Fisher v. State,* 851 S.W.2d 298 (Tex.Crim.App.1993). Furthermore, evidentiary conflicts are solely the province of the trier of fact. *Coe v. State,* 683 S.W.2d 431 (Tex.Crim.App.1984).

■ The elements of possession of a controlled substance are: 1) care, control and management over the substance; and 2) knowledge by the accused that the substance was contraband. *Cude v. State,* 716 S.W.2d 46 (Tex.Crim.App.1986); *Nunn v. State,* 640 S.W.2d 304 (Tex.Crim.App.1982). The control over the contraband need not be exclusive, but can be jointly exercised by more than one person. *McGoldrick v. State,* 682 S.W.2d 573 (Tex.Crim.App.1985). When the accused is not in exclusive control of the premises in which the contraband is found, the prosecution must show additional affirmative links between the contraband and the accused. *Martin v. State,* 753 S.W.2d 384 (Tex.Crim.App.1988). The affirmative links can be established by additional facts and circumstances which raise a reasonable inference of the accused's knowledge and control of the contraband. *Pollan v. State,* 612 S.W.2d 594 (Tex.Crim.App.1981).

■ In the instant case two affirmative links are present which raise an inference that the appellant had knowledge and control of the contraband. First, the appellant's name appears on two bills addressed to the house where the contraband was found. Second, the appellant made incriminating statements with respect to material discovered during the course of the search. Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found sufficient affirmative links between appellant and the contraband to find the essential elements of offense beyond a reasonable doubt. *See, e.g., Williams v. State,* 784 S.W.2d 428 (Tex.Crim.App.1990); *Capistran v. State,* 759 S.W.2d 121 (Tex.Crim.App. 1982); *Warmowski v. State,* 818 S.W.2d 505 (Tex.App.—San Antonio, 1991), *aff'd* 853 S.W.2d 575 (Tex.Crim.App.1993); *Garcia v. State,* 753 S.W.2d 189 (Tex.App.—San Antonio, 1988, pet. ref'd).

■ Intent is a question of fact to be determined by the trier of fact based upon the circumstantial evidence adduced at trial. *Dues v. State*, 634 S.W.2d 304 (Tex.Crim. App.1982); *Hemphill v. State*, 505 S.W.2d 560 (Tex.Crim.App.1974); *Martinez v. State*, 844 S.W.2d 279 (Tex.App.—San Antonio, 1992, pet. ref'd). Intent can be inferred from the acts, words or conduct of the accused. *Romo v. State*, 593 S.W.2d 690 (Tex.Crim. App.1980); *Creel v. State*, 710 S.W.2d 120 (Tex.App.—San Antonio, 1986), *aff'd.* 754 S.W.2d 205 (Tex.Crim.App.1988).

■ The following evidence tended to establish intent:

1) Expert testimony that the location was being used as a drug house.

2) A known drug dealer was at the house at the time of the search;

3) The house contained nothing to indicate that it was being used as a habitation.

4) In excess of $2,000.00 in cash was found on individuals arrested at the scene.

5) Narcotics paraphernalia (baggies and a scale) were found at the location.

6) Expert opinion that certain items found in the home were commonly taken in trade for contraband; and

7) While at the location two individuals arrived at the house and inquired about purchasing narcotics.

These facts form an adequate basis upon which a rational trier of fact could have found the intent to deliver element of the offense.

Appellant's sixth, seventh and eighth points of error are overruled.

### Prior Misconduct of Third Party

In his ninth point of error the appellant contends that the trial court erred in admitting evidence of the prior misconduct of George Yanes.

In this case there was testimony admitted at trial concerning George Yanes. Yanes was named in the original search and arrest warrant. During the trial Detective Corn testified that George Yanes was a convicted dope dealer. Corn further testified that Yanes was dealing drugs at 105 Mary Street along with Deborah Salas a/k/a Deborah Puente. Detective Corn also related that while in the process of executing the warrant Yanes attempted to flee the scene on foot. When he was ultimately taken into custody he was found to be in possession of over two thousand dollars. A different officer testified that in his opinion Yanes was operating a drug house at 105 Mary Street on the day of the offense.

According to the appellant, the trial court erred in admitting evidence pertaining to Yanes's drug dealing activities because the evidence was irrelevant and unduly prejudiced the appellant.

■ It is important to note that the appellant was indicted in a two-count indictment; one of the counts included the allegation that the appellant possessed the controlled substance "with the intent to deliver". Due to the nature of the allegation the State had the burden of proving, as an element of the offense, a specific intent on the part of the appellant; in this case an intent to distribute the narcotics. As a result, all evidence relevant to that issue was admissible. TEX.R.CRIM.EVID. 402. Evidence that the premises was in the possession of a known drug dealer, married to appellant's sister, is relevant to the issue of whether the appellant merely possessed the narcotics or instead possessed them with the particular intent alleged in the indictment. *Payton v. State*, 830 S.W.2d 722 (Tex.App.—Houston [14th Dist.] 1992); *Strong v. State*, 805 S.W.2d 478 (Tex.App.—Tyler, 1990); *Pike v. State*, 758 S.W.2d 357 (Tex.App.—Waco 1988).

■ The fact that in proving a particular intent, evidence of extraneous misconduct is placed before the jury, does not, in and of itself, render the evidence of intent inadmissible, rather the accused must show that the probative value of the evidence is outweighed by the undue prejudice. TEX.R.CRIM.EVID. 403; *Montgomery v. State*, 810 S.W.2d 372 (Tex.Crim.App.1990). The appellant has not made such a claim.

Appellant's ninth point of error is overruled.

## Limiting Instruction

In his tenth point of error the appellant contends that the trial court erred in failing to include a limiting instruction to the jury with respect to the evidence adduced at trial relating to the conduct of the co-defendant George Yanes.

The instant case involves the applicability of Rule 105(a) Tex.R.Crim.Evid. which states in part:

When evidence which is admissible ... for one purpose but not admissible ... for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly; but in the absence of such request the court's action in admitting such evidence without limitation shall not be a ground for complaint on appeal.

At the charge conference, the appellant asked the court to include a "charge on the evidence admitted as to prior record or prior misconduct of others are not to be considered against the defendant." The trial court denied the request.

■■■ Rule 105(a) stands for the proposition that should the trial court admit evidence for a limited purpose, then upon timely request, the court should instruct the jury that the evidence is limited to whatever purpose the proponent has persuaded the trial court to allow for its admission. *Montgomery v. State*, 810 S.W.2d 372 (Tex.Crim.App. 1990). The instruction requested in the instant case wholly fails to inform the trial court as to what limitation should be placed upon the evidence; the requested instruction is not sufficiently specific and preserves nothing for review. *See Burks v. State*, 876 S.W.2d 877 (Tex.Crim.App.1994). In *Burks,* the court stated that, "As regards specificity, all a party has to do to avoid forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." *Id.* Furthermore, because no limiting instruction was requested at the time the evidence was admitted the appellant's request for an instruction was not timely and the contention cannot be reviewed on appeal. *Garcia v. State*, 887 S.W.2d 862 (Tex.Crim.App.1994).

■■■ Moreover, because the trial court did not admit the evidence in question for a limited purpose a limiting instruction was not required. Stated in the alternative, no limiting instruction is required when an extraneous offense is offered to directly prove a main issue in the case. *Johnson v. State*, 509 S.W.2d 639 (Tex.Crim.App.1974); *McIntosh v. State*, 855 S.W.2d 753 (Tex.App.—Dallas 1993, pet. ref'd); *Payton v. State*, 830 S.W.2d 722 (Tex.App.—Houston [14th Dist.] 1992). The evidence in question was evidence of appellant's intent to deliver (an element of the offense) as a result a limiting instruction was not required.

Appellant's tenth point of error is overruled.

## Charge on Parties

In his eleventh and final point of error the appellant contends that the trial court erred in charging the jury on the law of parties:

The trial court charged the juries in the following manner:

Our law provides a person is criminally responsible as a party to an offense if the offense is committed by his own conduct, or by the conduct of another of which he is criminally responsible, or by both. Each party to an offense may be charged with the offense.

Mere presence alone will not make a person a party to an offense. A person is criminally responsible for an offense committed by the conduct of another if acting with intent to promote or assist the commission of the offense he solicits, encourages, directs, aids or attempts to aid the other person to commit the offense.

In addition, the application paragraphs authorized the jury to find the appellant guilty as a party.

The appellant objected to the submission of the law of parties. The objection was overruled. The appellant re-urges the position advanced in the trial court that there exists no evidence to support a charge on the law of parties.

As has been stated, on a number of occasions, if during the course of the trial, evidence is produced which would warrant a charge on the law of parties, the trial court may charge the jury on the issue, even in the absence of an allegation in the indictment charging the accused as a party. *Meanes v. State*, 668 S.W.2d 366 (Tex.Crim.App.1983); *Pitts v. State*, 569 S.W.2d 898 (Tex.Crim.App. 1978). In determining whether parties charge is proper, i.e., supported by the evidence, the trial court can look to events occurring before, during and after the commission of the offense. *Medellin v. State*, 617 S.W.2d 229 (Tex.Crim.App.1981). The court can look to the actions of the accused which reflect an understanding and common design to do the prohibited act. *Beier v. State*, 687 S.W.2d 2 (Tex.Crim.App.1985); *Bratcher v. State*, 771 S.W.2d 175 (Tex. App.—San Antonio, 1989). Presence at the scene of the offense is a fact which can be taken into account in ascertaining whether a charge on the law of parties is warranted. *Keller v. State*, 606 S.W.2d 931 (Tex.Crim. App.1980). The agreement of the individuals to act as parties can be proven circumstantially. *Morrison v. State*, 608 S.W.2d 233 (Tex.Crim.App.1980); *Wygal v. State*, 555 S.W.2d 465 (Tex.Crim.App.1977).

The facts in the instant case warrant submission of the parties charge. The appellant was arrested at the scene of the offense. At the time of the arrest the appellant gave false information to the arresting officers similar to the statements offered by the others arrested at the scene. Numerous items associated with the drug trade were found in plain view at the location. The appellant's name appeared on utility bills addressed to the location which was identified as a drug house. These facts are sufficient to warrant the submission of the issue to the jury. *Canada v. State*, 636 S.W.2d 632 (Tex.App.—San Antonio 1982), *aff'd* 660 S.W.2d 528 (Tex. Crim.App.1983).

Appellant's eleventh point of error is overruled.

The conviction is affirmed.