In re M.M. 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00257-CV







In the Matter of M. M.








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-12,770, HONORABLE JOHN DIETZ, JUDGE PRESIDING






 Appellant M.M. was a juvenile when he was arrested for robbery of a convenience store. 
A juvenile court adjudicated M.M. guilty of robbery and committed him to the Texas Youth Commission
for one year. M.M. appeals by two points of error. We will affirm the juvenile court's judgment.


FACTS


 The evidence presented at trial is straightforward and uncontested. Cleo Stevenson had
stopped at a convenience store for gasoline one evening when he saw a group of young men enter the store. 
Noticing the female clerk alone inside, Stevenson followed the group into the store. A surveillance camera
captured most of the activity inside the store on videotape. The boys went straight to the refrigerator in the
back of the store and each grabbed an eighteen-pack of beer. When they turned to run out of the store,
Stevenson tried to bar their way. The clerk ran to lock the door, but she failed to do so before three or
four of them had fled. Stevenson momentarily stopped the last two boys, M.M. and another young man,
R.G., but they dropped the beer and ran past him.

 Stevenson was still standing near the door when R.G., already outside the store, turned and
said, "Get back or I'll shoot you," while reaching into his back pocket as though for a gun. Afraid R.G.
would follow through on the threat, Stevenson backed away. He saw R.G. and M.M. climb into a van and
leave with the other boys. Police officers shortly afterward spotted the van about a quarter mile away from
the store and arrested eight to ten boys in the van. The officers found about six eighteen-packs of beer. 


 After M.M. waived both a jury trial and a hearing before the juvenile court judge, a juvenile
court referee held an adjudication hearing. See Tex. Fam. Code Ann. § 54.03 (West 1996). The juvenile
court found M.M. had engaged in delinquent conduct under the Family Code by committing robbery and
ordered him committed to the TYC. See id. § 51.03; Tex. Penal Code Ann. § 29.02 (a)(2) (West 1994). (1) 
M.M. appeals.


DISCUSSION


 In his first point of error, M.M. contends there was insufficient evidence to support a finding
that M.M. committed robbery because the State did not prove the element of theft. M.M. argues that
testimony from the owner of the store establishing lack of consent to take the beer was necessary to prove
theft. Only Stevenson and a police officer testified at the hearing.

 Because M.M. argues there was insufficient evidence to support an essential element of
robbery as a matter of law, we will treat his argument as a legal sufficiency challenge. The relevant question
is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. State, 443
U.S. 307, 318-19 (1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981).

 A person commits robbery if, in the course of committing theft and with intent to obtain
control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily
injury or death. Tex. Penal Code Ann. § 29.02(a)(2) (West 1994). Robbery requires actual or threatened
violence to the person, or intimidation of such a nature that the threatened party is put in fear. Wilmeth v.
State, 808 S.W.2d 703, 705 (Tex. App.--Tyler 1991, no pet.).

 Theft is the unlawful appropriation of property without the owner's effective consent. Tex.
Penal Code Ann. § 31.03(a), (b)(1) (West 1994). An owner is a person who has title to the property,
possession of the property, or a greater right to possession of the property than the actor. Id. §
1.07(a)(35)(A); Miller v. State, 909 S.W.2d 586, 595 (Tex. App.--Austin 1995, no pet.). Effective
consent includes consent by a person legally authorized to act for the owner. Tex. Penal Code Ann. §
31.01(3) (West 1994).

 Circumstantial evidence may establish the owner's lack of consent. Taylor v. State, 508
S.W.2d 393, 396 (Tex. Crim. App. 1974). If circumstances surrounding the conduct indicate that the
actor knew appropriation of property to be without the owner's effective consent, the appropriation is
unlawful. Skillern v. State, 890 S.W.2d 849, 871 (Tex. App.--Austin 1994, pet. ref'd).

 Moreover, the commission of theft is not a prerequisite to the commission of robbery; the
gravamen of robbery is the assaultive conduct and not the theft. Earl v. State, 514 S.W.2d 273, 274
(Tex. Crim. App. 1974). The State is not required to show conclusively by independent evidence that a
completed theft actually occurred; it need only adduce evidence which tends to show that someone was
threatened while the defendant was in the course of committing or attempting to commit theft. See Tex.
Penal Code Ann. § 29.02(a)(2) (West 1994); Purser v. State, 902 S.W.2d 641, 647 (Tex. App.--El
Paso 1995, no pet.).

 Stevenson's testimony that the store clerk tried to stop the boys from stealing the beer
indicated that the clerk had a greater right to possession of the property than M.M. See Williams v. State,
537 S.W.2d 936, 940 (Tex. Crim. App. 1974). The testimony thus established that M.M. knew the
appropriation was without the owner's effective consent. The evidence also indicates that threats occurred
in the course of taking the beer. We conclude that a rational trier of fact could have found beyond a
reasonable doubt the elements of robbery, including the owner's lack of consent, and overrule M.M.'s first
point of error.

 In his second point of error, M.M. contends the trial court was mistaken in classifying the
incident as robbery because (a) the victim of the threat and the victim of the theft were not the same person,
and (b) the perpetrator of the threat and the perpetrator of the theft were not the same person. M.M.
argues that because no evidence shows he himself threatened Stevenson, the trial court's finding that M.M.
committed robbery is unsupported.

 The statutory law of parties states that a person is criminally responsible for an offense
committed by another if, acting with the intent to promote or assist in the commission of the offense, he
solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. See Tex.
Penal Code Ann. § 7.02(a)(2) (West 1994). A trial court may apply the law of parties when warranted
by the facts as they emerge at trial. Puente v. State, 888 S.W.2d 521, 529 (Tex. App.--San Antonio
1994, no pet.). The intent to act as a party may be inferred from the circumstances and need not be shown
by direct evidence. Ransom v. State, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994); Wygal v. State,
555 S.W.2d 465, 469 (Tex. Crim. App. 1977). Evidence is sufficient to convict under the law of parties
where the defendant is physically present at the commission of the offense and encourages its commission
by words or other agreement. Ransom, 920 S.W.2d at 302. The fact finder may look to the actions of
the parties to show an understanding and a common design to do a certain act. Id.; Ex parte Prior, 540
S.W.2d 723, 727 (Tex. Crim. App. 1976).

 Evidence of M.M.'s participation in the group effort to steal the beer by entering the store
en masse indicates his understanding that the theft might include a threat to any third party on the scene. 
Viewing Stevenson's testimony in a light favorable to the verdict, M.M. was criminally responsible for
R.G.'s threat delivered in furtherance of the group effort to steal the beer. Under this theory, a rational trier
of fact could conclude beyond a reasonable doubt that M.M. committed robbery.

 M.M. also contends that the victim of the threat must be the same person as the victim of
the underlying theft. Robbery includes any violence or threat of violence which occurs before, during, or
immediately after the commission of theft. Lightner v. State, 535 S.W.2d 176, 177 (Tex. Crim. App.
1976). The victim of the robbery and the victim of the underlying theft need not be the same person. Earl,
514 S.W.2d at 274. We overrule the second point of error.

 The judgment of the trial court is affirmed.



 

 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: March 20, 1997

Do Not Publish

1. [1]  The court entered a nunc pro tunc judgment to amend its original judgment of delinquency and to
clarify that M.M. had been found guilty under Penal Code section 29.02(a)(2), rather than section
29.02(a)(1), a violation also alleged in the original petition but not pursued by the State.


x.
Penal Code Ann. § 29.02(a)(2) (West 1994); Purser v. State, 902 S.W.2d 641, 647 (Tex. App.--El
Paso 1995, no pet.).

 Stevenson's testimony that the store clerk tried to stop the boys from stealing the beer
indicated that the clerk had a greater right to possession of the property than M.M. See Williams v. State,
537 S.W.2d 936, 940 (Tex. Crim. App. 1974). The testimony thus established that M.M. knew the
appropriation was without the owner's effective consent. The evidence also indicates that threats occurred
in the course of taking the beer. We conclude that a rational trier of fact could have found beyond a
reasonable doubt the elements of robbery, including the owner's lack of consent, and overrule M.M.'s first
point of error.

 In his second point of error, M.M. contends the trial court was mistaken in classifying the
incident as robbery because (a) the victim of the threat and the victim of the theft were not the same person,
and (b) the perpetrator of the threat and the perpetrator of the theft were not the same person. M.M.
argues that because no evidence shows he himself threatened Stevenson, the trial court's finding that M.M.
committed robbery is unsupported.

 The statutory law of parties states that a person is criminally responsible for an offense
committed by another if, acting with the intent to promote or assist in the commission of the offense, he
solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. See Tex.
Penal Code Ann. § 7.02(a)(2) (West 1994). A trial court may apply the law of parties when warranted
by the facts as they emerge at trial. Puente v. State, 888 S.W.2d 521, 529 (Tex. App.--San Antonio
1994, no pet.). The intent to act as a party may be inferred from the circumstances and need not be shown
by direct evidence. Ransom v. State, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994); Wygal v. State,
555 S.W.2d 465, 469 (Tex. Crim. App. 1977). Evidence is sufficient to convict under the law of parties
where the defendant is physically present at the commission of the offense and encourages its commission
by words or other agreement. Ransom, 920 S.W.2d at 302. The fact finder may look to the actions of
the parties to show an understanding and a common design to do a certain act. Id.; Ex parte Prior, 540
S.W.2d 723, 727 (Tex. Crim. App. 1976).

 Evidence of M.M.'s participation in the group effort to steal the beer by entering the store
en masse indicates his understanding that the theft might include a