NO. 07-04-0538-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 23, 2005

_____

JIMMY C. THOMAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-4-5141; HONORABLE BRADLEY S. UNDERWOOD, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant Jimmy C. Thomas was convicted by a jury of possession with intent to deliver methamphetamine in the amount of four grams or more but less than 200. The trial court assessed punishment at 25 years confinement.

Presenting a sole issue, appellant maintains the evidence is legally insufficient to establish his conviction.  We affirm.

One January mid-morning in 2004, Trooper Jeff Ashburn stopped appellant for traffic violations.  Appellant turned into a liquor store parking lot and immediately exited his vehicle and headed toward Ashburn, who had parked behind him.  Appellant's passenger attempted to exit the vehicle and enter the liquor store, but was directed by Ashburn to return to the vehicle.  Ashburn detected the odor of marihuana on appellant and observed the passenger acting restlessly in the vehicle.  For officer safety, both appellant and the passenger were handcuffed and, suspecting illegal activity, Ashburn initiated a search.

Appellant admitted to smoking marihuana and having some in the ashtray of his vehicle.  Ashburn's search led to the discovery of a black leather pouch containing numerous small plastic bags of methamphetamine under the passenger's seat.  A small scale was also in the pouch, a syringe was located on the center console, and two bottles of formaldehyde were discovered.

After both suspects were warned that transporting any contraband to jail was illegal, appellant admitted he had methamphetamine on his person; the passenger, however, did not disclose he had a loaded syringe on him.  It was discovered after he was transported to the county jail.  Appellant was charged in a two-count indictment of possession of one or more but less than four grams of methamphetamine and possession with intent to deliver

four or more but less than 200 grams of methamphetamine.  He was convicted of the greater offense.

By a single issue, appellant contends the evidence is legally insufficient to prove he intentionally and knowingly possessed, with intent to deliver, methamphetamine in an amount of four grams or more but less than 200.  We disagree.  In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991), *overruled on other grounds*, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000).  The legal sufficiency of the evidence is measured by the elements of the offense as defined by the hypothetically correct jury charge that is authorized by the indictment.  Malik v. State, 953 S.W.2d 234, 239 (Tex.Cr.App. 1997).  This is done by considering all the evidence that was before the jury—whether proper or improper—so that we can make an assessment from the jury's perspective.  Miles v. State, 918 S.W.2d 511, 512 (Tex.Cr.App. 1996).  As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence.  Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

Before determining whether the evidence is sufficient to support appellant's conviction, we must review the essential elements the State was required to prove.

3

Appellant was convicted of possession with intent to deliver methamphetamine of four grams or more but less than 200 grams. *See* Tex. Health & Safety Code Ann. § 481.112(a) & (d) (Vernon 2003). To prove unlawful possession of a controlled substance with intent to deliver, the State was required to prove by direct or circumstantial evidence that the accused (1) exercised actual care, custody, control, or management over the substance and (2) knew the matter he possessed was contraband. *See* Tex. Pen. Code Ann. § 1.07(a)(39) (Vernon 2003). *See also* Poindexter v. State, 153 S.W.3d 402, 405 (Tex.Cr.App. 2005), citing Joseph v. State, 897 S.W.2d 374, 376 (Tex.Cr.App. 1995). The evidence must establish the accused's connection with the controlled substance was more than just fortuitous. Brown v. State, 911 S.W.2d 744, 747 (Tex.Cr.App. 1995).

Intent to deliver may be proven by circumstantial evidence and is a question of fact to be determined by the trier of fact. Avila v. State, 15 S.W.3d 568, 573 (Tex.App.–Houston [14th Dist.] 2000, no pet.) It may be inferred from the acts, words, or conduct of the accused. Puente v. State, 888 S.W.2d 521, 527 (Tex.App.–San Antonio 1994, no pet.). Factors considered in establishing intent to deliver include (1) the nature of the place the defendant was arrested; (2) the quantity of narcotics possessed by the defendant; (3) the manner of packaging; (4) the presence of drug paraphernalia; (5) a large amount of cash; and (6) the defendant's status as a drug user. Williams v. State, 902 S.W.2d 505, 506 (Tex.App.–Houston [1st Dist.] 1994, pet. ref'd).

4

When the accused is not in exclusive possession of the place where contraband is found or the contraband is not on the accused's person, additional independent facts and circumstances must affirmatively link him to the contraband. Deshong v. State, 625 S.W.2d 327, 329 (Tex.Cr.App. 1981). Affirmative links is a shorthand expression of what must be proven to establish that the accused possessed some kind of contraband knowingly or intentionally and is used to evaluate the sufficiency of the evidence. *Brown*, 911 S.W.2d at 747. The affirmative links rule is a common sense notion designed to protect innocent bystanders–a parent, child, spouse, roommate, or friend--from conviction based solely upon his fortuitous proximity to someone else's contraband. *Poindexter*, 153 S.W.3d at 406.

Affirmative links may include, but are not limited to: (1) appellant's presence when the contraband was found; (2) whether the contraband was in plain view; (3) appellant's proximity to and the accessibility of the contraband; (4) whether appellant was under the influence of narcotics when arrested; (5) whether appellant possessed other contraband when arrested; (6) whether appellant made incriminating statements when arrested; (7) whether appellant attempted to flee; (8) whether appellant made furtive gestures; (9) whether there was an odor of the contraband; (10) whether other contraband or drug paraphernalia was present; (11) whether appellant owned or had the right to possess the place where the drugs were found; (12) whether the place the drugs were found was enclosed; (13) the amount of contraband found; (14) whether appellant was the driver of the automobile in which the contraband was found; and (15) whether appellant possessed a

large amount of cash. *See* Taylor v. State. 106 S.W.3d 827, 832 (Tex.App.–Dallas 2003, no pet.). *See also* Trejo v. State, 766 S.W.2d 381, 384 (Tex.App.--Austin 1989, no pet.). Affirmative links are established by the totality of the circumstances. Wootton v. State, 132 S.W.3d 80, 87 (Tex.App.–Houston [14th Dist.] 2004, pet. ref'd). The logical force of the factors, not the number present, determines whether the evidence links appellant to the contraband. *Trejo,* 766 S.W.2d at 385.

By his argument, appellant contends the evidence does not link him to the methamphetamine contained in the black pouch found under the passenger's seat. He suggests, instead, that his passenger, who law enforcement officers were searching for that day, was more closely linked to the larger quantity of methamphetamine.

Appellant was the owner and driver of the vehicle. Trooper Ashburn testified he detected an odor of marihuana on appellant, and appellant admitted he had marihuana in his ashtray and methamphetamine on his person. An undercover narcotics officer testified that usually marihuana use is associated with methamphetamine and it is common for a user to be a dealer. The officer also testified that given the manner of packaging, there was no doubt the methamphetamine in the pouch was for sale. According to Trooper Ashburn, the quantity of methamphetamine found in the pouch was more than for personal use, and the scales found in the pouch were an indicator of selling for profit.

Testimony from a drug analyst confirmed that the amount of methamphetamine found on appellant was 1.02 grams, and the black pouch contained small plastic bags

6

weighing 21.87 grams. He also testified that samples from both were consistent with one another. Trooper Ashburn testified that the syringe taken from the passenger contained a brown substance, whereas the methamphetamine found on appellant was similar in color and packaging to the contents of the plastic bags found in the leather pouch.

The undercover narcotics officer testified that some of the ingredients used in cooking methamphetamine include lithium batteries and starter fluid. Following his testimony, the State requested an opportunity to present testimony from three witnesses outside the jury's presence that appellant was obtaining precursors for cooking methamphetamine to support its delivery allegation. Two loss prevention security officers from Wal-Mart testified they are trained to watch high theft areas and that one such area is the lithium batteries display. They testified that on two separate occasions appellant was caught shoplifting lithium batteries. Shortly before the first offense, appellant aroused the suspicion of one of the officers because his shopping basket contained 12 cans of starter fluid, plastic tubing, and a package of 50 plastic baggies. The third witness, a police officer, testified he was called to the scene of the first offense to issue a criminal trespass warning to appellant.

Following their testimony, defense counsel objected on the ground that appellant had not been charged with manufacturing methamphetamine and the testimony might cause the jury to convict for the wrong reason. He further objected that no testimony was presented on the size of the plastic baggies contained in appellant's shopping cart.

7

The court ruled the witnesses would be allowed to testify to show knowledge and intent to deliver and offered to give the jury a limiting instruction. Thereafter, the witnesses testified before the jury regarding the shoplifting offenses. During cross-examination, the police officer who issued the criminal trespass warning could not recall what size plastic baggies appellant purchased.

The narcotics undercover officer was recalled and testified without objection that methamphetamine is packaged in small plastic sandwich bags and that most people who cook methamphetamine are users who sell to support their habit. In his words, cooks, dealers, and users are "all wrapped up in one."

Evidence was also presented that appellant was cooperative, did not attempt to flee or make furtive gestures, did not have large amounts of cash, and the black pouch was in closer proximity to the passenger. However, the logical force of the evidence presented by the State, *i.e.*, appellant was the owner and driver of the vehicle, the odor of marihuana and its connection to methamphetamine, the similarity in color and packaging to the methamphetamine on appellant's person and in the pouch, the presence of a syringe and scales, the quantity of the methamphetamine in the pouch, and the shoplifting incidents, affirmatively linked appellant to possession of methamphetamine contained in the black pouch and established intent to deliver. Appellant's version of the events without evidence supporting his hypothesis of innocence does not render the evidence insufficient to support his conviction. *See* Sosa v. State, 845 S.W.2d 479, 483 (Tex.App.–Houston [1st Dist.]

8

1993, pet. ref'd) citing Little v. State, 758 S.W.2d 551, 563 (Tex.Cr.App. 1988), *cert. denied*, 488 U.S. 934, 109 S.Ct. 328, 102 L.Ed.2d 346 (1988). We conclude a rational trier of fact could have found the elements of the crime beyond a reasonable doubt. Appellant's sole issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.