Opinion filed March 9, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed March 9, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-04-00249-CR 

                                                    __________

 

                         CHARLES FRANKLIN HAMAKER, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 266th District Court

 

                                                           Erath
County, Texas

 

                                                Trial
Court Cause No. CR 11600

 



 

                                                                    O
P I N I O N

 

The jury convicted Charles Franklin Hamaker of
possession with intent to deliver a controlled substance in an amount of four
grams or more but less than 200 grams and assessed punishment at seventy-five
years confinement.  We affirm.








In two points of error, appellant argues that the
evidence is legally and factually insufficient to support his conviction.  In order to determine if the evidence is
legally sufficient, we must review all of the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307
(1979); Jackson v. State, 17 S.W.3d 664 (Tex. Crim. App. 2000).  In order to determine if the evidence is
factually sufficient, we must review all of the evidence in a neutral light and
determine whether the evidence supporting guilt is so weak that the verdict is
clearly wrong and manifestly unjust or whether the evidence contrary to the
verdict is so strong that the beyond-a-reasonable-doubt burden of proof could
not have been met.  Zuniga v. State,
144 S.W.3d 477 (Tex. Crim. App. 2004); Ross v. State, 133 S.W.3d 618
(Tex. Crim. App. 2004); Vasquez v. State, 67 S.W.3d 229, 236 (Tex. Crim.
App. 2002); Cain v. State, 958 S.W.2d 404 (Tex. Crim. App. 1997); Clewis
v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996).  We review the fact-finder=s weighing of the evidence and cannot
substitute our judgment for that of the fact-finder.  Cain, 958 S.W.2d at 407; Clewis,
922 S.W.2d at 135.  Due deference must be
given to the jury=s
determination, particularly concerning the weight and credibility of the
evidence.  Johnson v. State, 23
S.W.3d 1 (Tex. Crim. App. 2000); Jones v. State, 944 S.W.2d 642 (Tex.
Crim. App. 1996).  This court has the
authority to disagree with the fact-finder=s
determination Aonly when
the record clearly indicates such a step is necessary to arrest the occurrence
of a manifest injustice.@  Johnson, 23 S.W.3d at 9.

Gregory Wayne Stewart testified that he is an
investigator with the Erath County Sheriff=s
Department and that he is assigned to the S.T.O.P. Narcotics Task Force.  On September 5, 2002, Deputy Stewart met with
Michael Dwayne Martin who described illegal activity at a business in
Stephenville.  Deputy Stewart verified
the information and obtained a search warrant for the business, Floors &
More.  Deputy Stewart and other officers
executed the search warrant the following day. 
Appellant was not present when the officers arrived to execute the
search warrant. 








Floors & More was a large warehouse building
with smaller offices inside.  The
officers asked an employee of Floors & More to contact the owner to come
and unlock a locked office in the building.  
Appellant, the owner of Floors & More, arrived and unlocked the
office.  Inside of the office, Deputy
Stewart found a black bag, and located inside of the black bag were smaller
plastic baggies containing methamphetamine. 
The black bag also contained scales and a small glass vial. Deputy
Stewart also found a soft-side cooler inside of the locked office.  Located inside of the cooler were small
plastic baggies containing methamphetamine. 
Deputy Stewart found a lockbox inside of a desk in the reception
area.  Deputy Stewart said that the
lockbox contained marihuana.  The
methamphetamine seized from the locked office inside of Floors & More had a
total weight of 130.04 grams.

Deputy Stewart further testified at trial that
appellant failed to appear for his trial scheduled on March 22, 2004.  Deputy Stewart located appellant in Euless,
Texas, on April 1, 2004.  Appellant told
Deputy Stewart that he left town because he was Aspooked@ by some of the evidence against him. 

Gerald Wayne Rogers, a deputy with the Somervell
County Sheriff=s Office
formerly assigned to the S.T.O.P. Narcotics Task Force, testified at trial that
he arrived at Floors & More after police had entered and begun the search
of the store.  Deputy Rogers stated that
he sat with appellant while the search was being conducted.    Deputy Rogers was with appellant when
Deputy Stewart found the soft-side cooler containing the smaller plastic
baggies of methamphetamine.  When Deputy
Stewart brought the cooler to show Deputy Rogers, appellant stated, AI thought they=d
already found that.@   

Michael Dwayne Martin testified at trial that he
had previously worked for appellant installing floors.  Michael stated that appellant refused to pay
him $500 after the completion of a job. 
When he went to Floors & More for payment, Michael and appellant had
a Arun-in.@  Michael stated that, while he was at the
store seeking payment, he observed drug activity.   Michael further stated that he had witnessed
drug use at the store on many occasions. 
Michael was angry because appellant would not pay him for the job, and
he reported the drug use to members of the S.T.O.P. Narcotics Task Force.

Derrick Martin testified that he worked for
appellant at Floors & More.  Derrick
stated that he had never seen appellant use methamphetamine.  Derrick said that he observed Michael arguing
with appellant and then telling appellant that he would Abe
sorry for this.@

Valarie Hamaker, appellant=s
wife, testified at trial that Michael and appellant argued because  appellant did not pay Michael for his
work.  Appellant told Michael that the
customer was not satisfied with the job and that he would not pay Michael until
the customer was satisfied.  Valarie
stated that Michael threatened appellant.  
Valarie testified that she has never known appellant to use illegal
drugs and that she has never seen illegal drugs at their home or at Floors
& More. 








Appellant specifically argues that the evidence is
legally and factually insufficient to establish that appellant delivered
methamphetamine.  The jury found
appellant guilty of the offense of possession with intent to deliver
methamphetamine in an amount of four grams or more but less than 200 grams as
charged in the indictment.  TEX. HEALTH
& SAFETY CODE ANN. '
481.112(a) (Vernon 2003).

Intent to deliver can be proven by circumstantial
evidence.  Ingram v. State, 124
S.W.3d 672, 676 (Tex. App.CEastland
2003, no pet.).  Inferences can be made
from the conduct of the defendant as well as the amount of the controlled
substance possessed and the manner in which it was possessed.  Id.; Rhodes v. State, 913
S.W.2d 242 (Tex. App.CFort
Worth 1995), aff=d,
945 S.W.2d 115 (Tex. Crim. App. 1997); Puente v. State, 888 S.W.2d 521
(Tex. App.CSan
Antonio 1994, no pet.).  Courts have
considered several factors in determining intent, including the following:  (1) the nature of the location where the
defendant was arrested; (2) the quantity of drugs the defendant possessed; (3)
the manner of packaging of the drugs; (4) the presence or absence of drug
paraphernalia (for use or sale); (5) whether the defendant possessed a large
amount of cash in addition to the drugs; and (6) the defendant=s status as a drug user.  Jordan v. State, 139 S.W.3d 723, 726
(Tex. App.CFort
Worth 2004, no pet.).  Intent is a
question of fact and must be determined by the trier of fact.  Ingram, 124 S.W.3d at 676.

The record shows that officers found a large
quantity of methamphetamine in the locked office of a business owned by
appellant.  Appellant arrived at the
scene and unlocked the office.  There was
evidence that appellant exercised complete control over the locked office and
that only appellant, his wife, and his father had a key to that office.  The evidence shows that the officers found
scales inside of the locked office and methamphetamine packaged in small
plastic baggies. We find that the evidence is both legally and factually
sufficient to support appellant=s
conviction.  Appellant=s first and second points of error are
overruled.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

March 9,
2006                                                                         CHIEF JUSTICE

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of: Wright, C.J., and

McCall,
J., and Strange, J.