COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-299-CR

 

 

RAUL REYES                                                                       APPELLANT

 

V.

 

THE STATE OF TEXAS                                                                  STATE



 

                                              ------------

 

           FROM THE 213TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------      

This case arises from a warrant police obtained
to search a residence located at 3517 Laughton. 
In a single point, Appellant Raul Reyes claims that the trial court
erred by concluding that he lacked standing to contest the warrant and by
overruling his motion to suppress based on a lack of standing.  For the reasons set forth below, we will affirm.








On the day in question, Reyes received a phone call from a
friend and subsequently traveled to the friend=s house to deliver
marijuana.  The house had an apartment
attached to it, but the house and apartment had separate entry points.  While Reyes was inside the apartment attached
to his friend=s house, he heard a commotion
outside, walked outside to investigate, and was arrested when police came out
of the house attached to the apartment. 
Police officers found a usable quantity of marijuana of less than 2,000
pounds but more than 50 pounds in Reyes=s
possession.  The State charged Reyes
with, and the grand jury indicted him for, possession of a usable quantity of
marijuana of less than 2,000 pounds but more than 50 pounds. 

Prior to the day of his arrest, Reyes would occasionally
stay overnight at the apartment if he had been out drinking, would leave
clothes there that he was exchanging with his friend because they were the same
size, and would occasionally stay there by himself, but he had no authority to
exclude or invite other individuals into the apartment or house and he did not
receive mail there.  On the day
of his arrest, Reyes was not at the apartment as an overnight guest. 








Reyes filed a motion to suppress the evidence
seized from the apartment, as well as any statements, confessions, or consents
to search derived therefrom.[2]
 The trial court denied Reyes=s motion to
suppress, and Reyes subsequently entered into a plea bargain agreement.  He pleaded guilty, and the trial court
sentenced him to eight years= confinement in
the Texas Department of Criminal Justice Institutional Division.  This appeal followed. 

In his sole point, Reyes argues that the search
of the apartment and the seizure of evidence in the apartment violated his
rights,[3]
and that the trial court therefore erred by denying his motion to suppress.  Reyes alleges that he had standing to contest
the warrant permitting a search of the apartment because he was a social guest
and therefore possessed an expectation of privacy that society accepts as
objectively reasonable.








We review a trial court=s ruling
on a motion to suppress evidence under a bifurcated standard of review. Carmouche
v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997). In reviewing the trial court=s
decision, we do not engage in our own factual review. Romero v. State,
800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Best v. State, 118 S.W.3d 857,
861 (Tex. App.CFort Worth 2003, no pet.). The
trial judge is the sole trier of fact and judge of the credibility of the
witnesses and the weight to be given their testimony. State v. Ross, 32
S.W.3d 853, 855 (Tex. Crim. App. 2000); State v. Ballard, 987 S.W.2d
889, 891 (Tex. Crim. App. 1999). Therefore, we give almost total deference to
the trial court=s rulings on (1) questions of
historical fact, even if the trial court=s
determination of those facts was not based on an evaluation of credibility and
demeanor, and (2) application-of-law-to-fact questions that turn on an
evaluation of credibility and demeanor. Montanez v. State, 195 S.W.3d
101, 108-09 (Tex. Crim. App. 2006); Johnson v. State, 68 S.W.3d 644,
652-53 (Tex. Crim. App. 2002); State v. Ballman, 157 S.W.3d 65, 68 (Tex.
App.CFort
Worth 2004, pet. ref=d). But when the trial court=s
rulings do not turn on the credibility and demeanor of the witnesses, we review
de novo a trial court=s rulings on mixed questions of
law and fact. Estrada v. State, 154 S.W.3d 604, 607 (Tex. Crim. App.
2005); Johnson, 68 S.W.3d at 652-53.








Stated another way, when reviewing the trial
court=s ruling
on a motion to suppress, we must view the evidence in the light most favorable
to the trial court=s ruling.  State v. Kelly, 204 S.W.3d 808, 818 (Tex.
Crim. App. 2006). When the trial court makes explicit fact findings, we must
determine whether the evidence, when viewed in the light most favorable to the
trial court=s ruling, supports those fact
findings. Id. We then review the trial court=s legal
ruling de novo unless its explicit fact findings that are supported by the
record are also dispositive of the legal ruling. Id.

The Fourth Amendment safeguards an individual=s
legitimate expectation of privacy from unreasonable governmental
intrusions.  See Villarreal v. State,
935 S.W.2d 134, 138 (Tex. Crim. App. 1996); Voyles v. State, 133 S.W.3d
303, 305 (Tex. App.CFort Worth 2004, no pet.).  A defendant has standing to challenge the
admission of evidence obtained by a governmental intrusion only if he has a
legitimate expectation of privacy in the place invaded.  See Voyles, 133 S.W.3d at 305.  A defendant has no standing to complain about
the invasion of someone else=s
personal rights. Kothe v. State, 152 S.W.3d 54, 59 (Tex. Crim. App.
2004).  To establish standing, a
defendant bears the burden of proving he had a legitimate expectation of
privacy in the place invaded.  Villarreal, 935 S.W.2d at 138; Puente
v. State, 888 S.W.2d 521, 524 (Tex. Crim. App. 1994).








To establish the existence of such a legitimate
expectation of privacy, a defendant must show that (1) he had an actual,
subjective expectation of privacy in the place invaded, and (2) his expectation
of privacy was one that society accepts as reasonable.  Smith v. Maryland, 442 U.S. 735, 740,
99 S. Ct. 2577, 2580 (1979); Voyles, 133 S.W.3d at 305.  In determining whether the defendant=s
alleged expectation of privacy is one that society accepts as reasonable, we
are to consider

(1) whether the accused had a property or possessory interest in the
place invaded; (2) whether he was legitimately in the place invaded; (3)
whether he had complete dominion or control and the right to exclude others;
(4) whether, prior to the intrusion, he took normal precautions customarily
taken by those seeking privacy; (5) whether he put the place to some private
use; and (6) whether his claim of privacy is consistent with historical notions
of privacy.

 

Voyles, 133 S.W.3d at 306
(citing Granados v. State, 85 S.W.3d 217, 223 (Tex. Crim. App. 2002), cert.
denied 538 U.S. 927 (2003) and Villarreal, 935 S.W.2d at 138).  But that list is not an exhaustive list of
factors, and none of the factors are dispositive of a particular assertion of
privacy.  Villarreal, 935 S.W.2d
at 138-39.  Rather, we must examine the
circumstances surrounding the search in their totality.  Id.








When considering these factors,
the court of criminal appeals has held that an individual who has no clothes or
other belongings in the house, has no control over the entrances and exits of
the premises, and has no possessory or proprietary interest in the premises is
a guest and has no legitimate expectation of privacy in the premises searched. Id.
at 137.  The inability to exclude or
invite others into a house demonstrates a lack of dominion or control over the
house. Calloway v. State, 743 S.W.2d 645, 651 (Tex. Crim. App.
1988).  Moreover, an individual who is on
the premises primarily to conduct a business transaction is a commercial guest
and is not granted an expectation of privacy or standing to contest a search of
the premises. Minnesota v. Carter, 525 U.S. 83, 90, 119 S. Ct. 469,
473-74 (1998); Westfall v. State, 10 S.W.3d 85, 89 (Tex. App.CWaco
1999, no pet.).

Reyes contends that he had
standing to challenge the warrant-based search of his friend=s
apartment because he was a social guest. 
Reyes relies on cases from the Sixth and Tenth Circuits to support this
contention.[4]  See United States v. Waller, 426 F.3d
838, 844 (6th Cir. 2005) (holding that defendant had standing to contest search
of bag located inside a friend=s home
because he kept secret the bag=s
contents and clearly asserted authority over bag); United States v. Rhiger,
315 F.3d 1283, 1286 (10th Cir. 2003) (holding that guest with Adegree
of acceptance into the household@ has
greater expectation of privacy than does a guest present for purely commercial
reasons); United States v. Pollard, 215 F.3d 643, 647-48 (6th Cir. 2000)
(holding that defendant present to sell cocaine in friend=s home
at the time of the search had legitimate expectation of privacy where he had a
seven-year friendship with friend, stayed overnight at the house earlier that
week, kept personal belongings in closet and living room, and often ate meals
in the home).  The State contends,
however, that Reyes failed to show that he had either a subjective or objective
expectation of privacy in the apartment.













At the outset, we note that
Reyes has not shown that he had an actual, subjective expectation of privacy in
his friend=s apartment.  In fact, Reyes testified that nothing in the
apartment was really in his private space. 
But even if he had, the evidence does not demonstrate that such an
expectation is one society accepts as reasonable.  At the suppression hearing, Reyes
acknowledged that his friend owned the apartment and that the only reason he
was there was to deliver marijuana. 
Although Reyes testified that he had stayed at the apartment on prior
occasions and sometimes had done so as the sole occupant of the apartment, Reyes
also acknowledged that he had no control over who was allowed to visit the
apartment, that he did not receive mail there, and that he was not an overnight
guest at the apartment at the time of the search.  The record does demonstrate that Reyes
occasionally left clothes at his friend=s
apartment, but he did so only to exchange clothing with his friend since he and
his friend wore the same size.  Nothing
in the record indicates that Reyes took normal precautions customarily taken by
those seeking privacy or that he put the apartment to some private use.  At the conclusion of the suppression hearing,
defense counsel requested that the trial court make findings of fact and
conclusions of law.  The trial court
stated that its Afindings are based on evidence I
heard today, but among the most important fact was the fact that there were no
plans to B for [Reyes] to have an
overnight stay that night.  That was
among the most important fact finding.@ After viewing the evidence in the light most
favorable to the trial court=s
ruling, we hold that the evidence supports the trial court=s fact
findings.  See Kelly, 204 S.W.3d
at 818.  After conducting a de novo
review of the trial court=s ruling on Reyes=s motion
to suppress and considering the relevant factors in determining whether Reyes
had a legitimate expectation of privacy in the apartment that society accepts
as reasonable, we hold that he had no such legitimate expectation of privacy in
his friend=s apartment and that the trial
court did not err by denying the motion to suppress because Reyes consequently
had no standing to challenge the search of his friend=s
apartment.  See Voyles, 133 S.W.3d
at 306.  We therefore overrule Reyes=s sole
point.

Having overruled Reyes=s sole point on appeal, we
affirm the trial court=s judgment.              

 

SUE WALKER

JUSTICE

 

PANEL B:
LIVINGSTON, WALKER, and MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: July
5, 2007











[1]See Tex. R. App. P. 47.4.





[2]Although Reyes=s motion to suppress
complained of both the search of the apartment and of his car, on appeal Reyes
only complains of the search of the apartment.





[3]Reyes does not specify
whether this action violated his rights under the United States Constitution,
the Texas Constitution, or both.  Because
Reyes generally speaks of a Aright to privacy@ and only cites federal
cases from the Sixth and Tenth Circuits in his brief to this court, we will
address his issue as one complaining of violations of his rights under the
United States Constitution.  See
Heitman v. State, 815 S.W.2d 681, 690 n.23 (Tex. Crim. App. 1991) (holding
that parties should designate federal and state issues as separate points of
error and provide argument under each point); McCambridge v. State, 712
S.W.2d 499, 501 n.9 (Tex. Crim. App. 1986), cert. denied, 495 U.S. 910
(1990) (holding that when a party fails to provide argument under each point,
an appellate court may treat that point as multifarious and, thus, hold that it
offers nothing for review).





[4]We note that we are not
bound by such authority.  See Jeffery
v. State, 169 S.W.3d 439, 443 n.1 (Tex. App.CTexarkana 2005, pet. ref=d).