Voyles v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-207-CR

EARNEST LEON VOYLES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

Appellant Earnest Leon Voyles appeals his conviction for possession of child pornography.  After the trial court denied his motion to suppress, Voyles pleaded nolo contendere in a plea agreement conditioned upon his right to appeal the trial court’s denial of the motion.  The trial court found Voyles guilty and sentenced him to nine years’ imprisonment.  In two issues, Voyles contends that the trial court erred by denying his motion to suppress because (1) the search warrant affidavit was unreliable, and (2) he had a reasonable expectation of privacy in his work computer.  We will affirm.

II.  Factual and Procedural Background

In 2000, Sergeant James Crouch of the Arlington Police Department  received a tip indicating that Voyles had exchanged emails of a sexual nature with “Amy Chang,” a fifteen-year-old girl, in London, England.
(footnote: 1)  According to the informant, Voyles had been soliciting sex from “Amy Chang” over the Internet and had recently made arrangements to meet her in London to engage in a sexual relationship.  Although Sergeant Crouch made several attempts to contact ”Amy Chang” to discuss the emails with her, he was unsuccessful. However, based on information provided by the informant, Sergeant Crouch was able to verify that Voyles was employed as a teacher at Christine Barnett Junior High School in Arlington, Texas.

On December 28, 2000, Sergeant Crouch sent Voyles an email describing himself as a fifteen-year-old girl named “C.J. Best,” who attended school in Fort Worth, Texas.  In the email, “C.J. Best” told Voyles that she had received his address from some friends in a chat room and that she was always looking for a new chat buddy.  Approximately two-and-a-half hours later, Sergeant Crouch received a response from Voyles, wherein Voyles indicated that he was interested in being chat buddies with “C.J. Best.”

For approximately three weeks, Voyles and “C.J. Best” exchanged numerous emails, several of which were sexual in nature.  On January 19, 2001, based on the information provided by “Amy Chang” and the contents of the emails sent from Voyles to “C.J. Best,” Sergeant Crouch obtained search warrants for Voyles’s home and work computers.  Shortly thereafter, the Arlington Police Department searched both of Voyles’s computers and seized child pornography off the hard drives of each unit.  Voyles was subsequently charged and indicted for possession of child pornography, a third degree felony. 
See 
Tex. Penal Code Ann.
 § 43.26 (Vernon 2003).

On August 23, 2002, Voyles filed a motion to suppress, alleging that all of the evidence obtained from his computers was inadmissible as the product of an unlawful search and seizure in violation of the First and Fourth Amendments to the United States Constitution and article I, sections 9 and 10 of the Texas Constitution.
(footnote: 2)  After a hearing, the trial court granted Voyles’s motion to suppress with respect to all of the evidence derived from his home computer, concluding that evidence was inadmissible because the search warrant affidavit was insufficient.  However, the trial court denied Voyles’s motion to suppress the evidence obtained pursuant to the warrant authorizing the search of Voyles’s work computer, concluding that evidence was admissible because Voyles had no reasonable expectation of privacy in his work computer. 

III.  Standard of Review

We review a trial court’s ruling on a motion to suppress under a bifurcated standard of review.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing the trial court's decision, we do not engage in our own factual review.  
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State
, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  At a suppression hearing, the trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.  
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).  Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor.  
Johnson v. State
, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); 
Best
, 118 S.W.3d at 861-62.  However, we  review de novo a trial court’s rulings on mixed questions of law and fact if they do not turn on the credibility and demeanor of witnesses.  
Johnson
, 68 S.W.3d at 652-53.

IV.  Reasonable Expectation of Privacy

We first address Voyles’s contention that the trial court erred by denying his motion to suppress because he had a reasonable expectation of privacy in his work computer.  Voyles maintains that he had a reasonable expectation of privacy because he took precautions to prevent others from accessing or viewing the information contained on his work computer.  In response, the State argues that Voyles had no expectation of privacy in his work computer because it was owned by the school district, located in a public classroom designed for teaching students, and available for use by substitute teachers.

The purpose of both the Fourth Amendment and Article I, section 9 of the Texas Constitution, “is to safeguard an individual's legitimate expectation of privacy from unreasonable governmental intrusions.”  
Villarreal v. State
, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996).  A defendant has standing to challenge the admission of evidence obtained by an intrusion by the government or a private individual only if he had a legitimate expectation of privacy in the place invaded.  
Id
.; 
Davis v. State
, 119 S.W.3d 359, 367 (Tex. App.—Waco  2003, pet. filed) (recognizing record supported determination that defendant lacked expectation of privacy in house).  The defendant, as the party asserting the privacy expectation, has the burden of proving facts to establish that such an expectation exists.  
Villareal
, 935 S.W.2d at 138.

To establish a constitutionally protected privacy interest in a possession, a defendant must show that (1) she had an actual, subjective expectation of privacy in the invaded possession, and (2) her expectation of privacy was one that society accepts as reasonable.  
Smith v. Maryland
, 442 U.S. 735, 740, 99 S. Ct. 2577, 2580 (1979).  The Texas Court of Criminal Appeals has articulated the following factors as relevant in determining whether the defendant's subjective expectation is one that society is prepared to recognize as objectively reasonable: 

(1) whether the accused had a property or possessory interest in the place invaded; (2) whether he was legitimately in the place invaded; (3) whether he had complete dominion or control and the right to exclude others; (4) whether, prior to the intrusion, he took normal precautions customarily taken by those seeking privacy; (5) whether he put the place to some private use; and (6) whether his claim of privacy is consistent with historical notions of privacy.

Granados v. State
, 85 S.W.3d 217, 223 (Tex. Crim. App. 2002), 
cert. denied
, 123 S. Ct. 1578 (2003); 
Villareal
, 935 S.W.2d at 138.  However, this list of factors is not exhaustive and none of the factors are dispositive of a particular assertion of privacy; rather, courts must examine the circumstances surrounding the search in their totality. 
 
Villareal
, 935 S.W.2d at 138-39. In the instant case, 
Voyles contends that he took precautions to prevent others from accessing or viewing the information contained on his work computer.  However, in reviewing the record, we have found no evidence to support his contention.  In fact, because the only testimony presented at the suppression hearing was that of Sergeant Crouch, there is not any evidence in the record substantiating Voyles’s claim of privacy.  

In addition, several factors indicate that Voyles did not have a reasonable expectation of privacy with regard to his work computer and the materials stored in it.  For example, the computer was owned by the Arlington School District and located at the teacher’s desk in a classroom computer lab.  Voyles clearly did not have a property or possessory interest in the school’s computer. Moreover, while it is unclear if Voyles’s computer files were protected by a password, 
the computer at issue was available for use by substitute teachers. Thus, Voyles lacked complete dominion or control over the unit.  
See Rogers v. State
, 113 S.W.3d 452, 457 (Tex. App.—San Antonio 2003, no pet.) (holding defendant who gave personal computer’s hard drive to technician to repair lacked sufficient dominion or control over the pornographic jpeg files when he asked technician to back them up).  Further, the computer was not placed in the classroom for Voyles’s personal or private use.  To the contrary, the computer was placed in a classroom laboratory for work-related purposes, to allow Voyles to teach his students about computers.  Finally, this court has found no authority suggesting that Voyles’s claim of privacy is consistent with historical notions of privacy. 

Therefore, after considering the totality of the circumstances surrounding the search in question, we hold that Voyles failed to discharge his burden to prove facts establishing a reasonable expectation of privacy with regard to his work computer and the materials stored in it.  As a result, Voyles lacks standing to contest the admission of the evidence seized from his computer.  Moreover, because Voyles failed to demonstrate a reasonable expectation of privacy in his work computer, his challenge to the reliability of the affidavit executed to support the search warrant authorizing the search of his school computer must also fail.
  
See Villareal
, 935 S.W.2d at 138.
  Thus, we conclude that the trial court did not err by denying Voyles’s motion to suppress.  Accordingly, we overrule Voyles’s first and second points. 

V.  Conclusion

Having overruled both of Voyles’s points, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL F: CAYCE, C.J.; WALKER and MCCOY, JJ.

PUBLISH

DELIVERED: March 25, 2004

FOOTNOTES
1:
On August 6, 2000, the fictitious “Amy Chang” sent an email to the Fort Worth Star Telegram claiming that Voyles had been propositioning her for sex over the Internet and requesting that Voyles be investigated for such behavior. However, according to the email, “Amy Chang” was not actually a fifteen-year-old girl.  The Fort Worth Star Telegram sent the email to the Crimes Against Children Unit in the Tarrant County District Attorney’s Office, and the District Attorney’s Office then forwarded the email to Sergeant Crouch for investigation.

2:
U.S. 
Const.
 amends. I, IV; 
Tex. Const.
 art. I, §§ 9,10.