COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-299-CR

RAUL REYES
 APPELLANT

V.

THE STATE OF TEXAS                 STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------ 

This case arises from a warrant police obtained to search a residence located at 3517 Laughton.  In a single point, Appellant Raul Reyes claims that the trial court erred by concluding that he lacked standing to contest the warrant and by overruling his motion to suppress based on a lack of standing.  For the reasons set forth below, we will affirm.

On the day in question, Reyes received a phone call from a friend and subsequently traveled to the friend’s house to deliver marijuana.  The house had an apartment attached to it, but the house and apartment had separate entry points. 
 While Reyes was inside the apartment attached to his friend’s house, he heard a commotion outside, walked outside to investigate, and was arrested when police came out of the house attached to the apartment.  Police officers found a usable quantity of marijuana of less than 2,000 pounds but more than 50 pounds in Reyes’s possession.  The State charged Reyes with, and the grand jury indicted him for, possession of a usable quantity of marijuana of less than 2,000 pounds but more than 50 pounds. 

Prior to the day of his arrest, Reyes would occasionally stay overnight at the apartment if he had been out drinking, would leave clothes there that he was exchanging with his friend because they were the same size, and would occasionally stay there by himself, but he had no authority to exclude or invite other individuals into the apartment or house and he did not receive mail there. 
 On the day of his arrest, Reyes was not at the apartment as an overnight guest. 

Reyes filed a motion to suppress the evidence seized from the apartment, as well as any statements, confessions, or consents to search derived therefrom.
(footnote: 2) 
 The trial court denied Reyes’s motion to suppress, and Reyes subsequently entered into a plea bargain agreement.  He pleaded guilty, and the trial court sentenced him to eight years’ confinement in the Texas Department of Criminal Justice Institutional Division.  This appeal followed. 

In his sole point, Reyes argues that the search of the apartment and the seizure of evidence in the apartment violated his rights,
(footnote: 3) and that the trial court therefore erred by denying his motion to suppress.  Reyes alleges that he had standing to contest the warrant permitting a search of the apartment because he was a social guest and therefore possessed an expectation of privacy that society accepts as objectively reasonable.

We review a trial court’s ruling on a motion to suppress evidence under a bifurcated standard of review. 
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). In reviewing the trial court’s decision, we do not engage in our own factual review. 
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State
, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.). The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. 
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
State v. Ballard
, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999). Therefore, we give almost total deference to the trial court’s rulings on (1) questions of historical fact, even if the trial court’s determination of those facts was not based on an evaluation of credibility and demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. 
Montanez v. State
, 195 S.W.3d 101, 108-09 (Tex. Crim. App. 2006); 
Johnson v. State
, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); 
State v. Ballman
, 157 S.W.3d 65, 68 (Tex. App.—Fort Worth 2004, pet. ref’d). But when the trial court’s rulings do not turn on the credibility and demeanor of the witnesses, we review de novo a trial court’s rulings on mixed questions of law and fact. 
Estrada v. State
, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); 
Johnson
, 68 S.W.3d at 652-53.

Stated another way, when reviewing the trial court’s ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court’s ruling. 
 State v. Kelly
, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). When the trial court makes explicit fact findings, we must determine whether the evidence, when viewed in the light most favorable to the trial court’s ruling, supports those fact findings. 
Id.
 We then review the trial court’s legal ruling de novo unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling. 
Id.

The Fourth Amendment safeguards an individual’s legitimate expectation of privacy from unreasonable governmental intrusions.  
See Villarreal v. State
, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); 
Voyles v. State
, 133 S.W.3d 303, 305 (Tex. App.—Fort Worth 2004, no pet.).  
A defendant has standing to challenge the admission of evidence obtained by a governmental intrusion only if he has a legitimate expectation of privacy in the place invaded.  
See Voyles
, 133 S.W.3d at 305.  A defendant has no standing to complain about the invasion of someone else’s personal rights. 
Kothe v. State
, 152 S.W.3d 54, 59 (Tex. Crim. App. 2004)
.  To establish standing, a defendant bears the burden of proving he had a legitimate expectation of privacy in the place invaded. 
 Villarreal
, 935 S.W.2d at 138;
 Puente v. State
, 888 S.W.2d 521, 524 (Tex. Crim. App. 1994).

To establish the existence of such a legitimate expectation of privacy, a defendant must show that (1) he had an actual, subjective expectation of privacy in the place invaded, and (2) his expectation of privacy was one that society accepts as reasonable.  
Smith v. Maryland
, 442 U.S. 735, 740, 99 S. Ct. 2577, 2580 (1979); 
Voyles
, 133 S.W.3d at 305.  In determining whether the defendant’s alleged expectation of privacy is one that society accepts as reasonable, we are to consider

(1) whether the accused had a property or possessory interest in the place invaded; (2) whether he was legitimately in the place invaded; (3) whether he had complete dominion or control and the right to exclude others; (4) whether, prior to the intrusion, he took normal precautions customarily taken by those seeking privacy; (5) whether he put the place to some private use; and (6) whether his claim of privacy is consistent with historical notions of privacy.

Voyles
, 133 S.W.3d at 306 (citing 
Granados v. State
, 85 S.W.3d 217, 223 (Tex. Crim. App. 2002), 
cert. denied
 538 U.S. 927 (2003) and 
Villarreal
, 935 S.W.2d at 138).  But that list is not an exhaustive list of factors, and none of the factors are dispositive of a particular assertion of privacy.  
Villarreal
, 935 S.W.2d at 138-39.  Rather, we must examine the circumstances surrounding the search in their totality.  
Id.

When considering these factors, the court of criminal appeals has held that an individual who has no clothes or other belongings in the house, has no control over the entrances and exits of the premises, and has no possessory or proprietary interest in the premises is a guest and has no legitimate expectation of privacy in the premises searched. 
Id.
 at 137.  The inability to exclude or invite others into a house demonstrates a lack of dominion or control over the house. 
Calloway v. State
, 743 S.W.2d 645, 651 (Tex. Crim. App. 1988).  Moreover, an individual who is on the premises primarily to conduct a business transaction is a commercial guest and is not granted an expectation of privacy or standing to contest a search of the premises. 
Minnesota v. Carter
, 525 U.S. 83, 90, 119 S. Ct. 469, 473-74 (1998); 
Westfall v. State
, 10 S.W.3d 85, 89 (Tex. App.—Waco 1999, no pet.).

Reyes contends that he had standing to challenge the warrant-based search of his friend’s apartment because he was a social guest.  Reyes relies on cases from the Sixth and Tenth Circuits to support this contention.
(footnote: 4)  
See United States v. Waller
, 426 F.3d 838, 844 (6th Cir. 2005) (holding that defendant had standing to contest search of bag located inside a friend’s home because he kept secret the bag’s contents and clearly asserted authority over bag); 
United States v. Rhiger
, 315 F.3d 1283, 1286 (10th Cir. 2003) (holding that guest with “degree of acceptance into the household” has greater expectation of privacy than does a guest present for purely commercial reasons); 
United States v. Pollard
, 215 F.3d 643, 647-48 (6th Cir. 2000) (holding that defendant present to sell cocaine in friend’s home at the time of the search had legitimate expectation of privacy where he had a seven-year friendship with friend, stayed overnight at the house earlier that week, kept personal belongings in closet and living room, and often ate meals in the home).  The State contends, however, that Reyes failed to show that he had either a subjective or objective expectation of privacy in the apartment.

At the outset, we note that Reyes has not shown that he had an actual, subjective expectation of privacy in his friend’s apartment.  In fact, Reyes testified that nothing in the apartment was really in his private space.  But even if he had, the evidence does not demonstrate that such an expectation is one society accepts as reasonable.  At the suppression hearing, Reyes acknowledged that his friend owned the apartment and that the only reason he was there was to deliver marijuana.  Although Reyes testified that he had stayed at the apartment on prior occasions and sometimes had done so as the sole occupant of the apartment, Reyes also acknowledged that he had no control over who was allowed to visit the apartment, that he did not receive mail there, and that he was not an overnight guest at the apartment at the time of the search.  The record does demonstrate that Reyes occasionally left clothes at his friend’s apartment, but he did so only to exchange clothing with his friend since he and his friend wore the same size.  Nothing in the record indicates that Reyes took normal precautions customarily taken by those seeking privacy or that he put the apartment to some private use.  At the conclusion of the suppression hearing, defense counsel requested that the trial court make findings of fact and conclusions of law.  The trial court stated that its “findings are based on evidence I heard today, but among the most important fact was the fact that there were no plans to – for [Reyes] to have an overnight stay that night.  That was among the most important fact finding.” After viewing the evidence in the light most favorable to the trial court’s ruling, we hold that the evidence supports the trial court’s fact findings.  
See Kelly
, 204 S.W.3d at 818.  After conducting a de novo review of the trial court’s ruling on Reyes’s motion to suppress and considering the relevant factors in determining whether Reyes had a legitimate expectation of privacy in the apartment that society accepts as reasonable, we hold that he had no such legitimate expectation of privacy in his friend’s apartment and that the trial court did not err by denying the motion to suppress because Reyes consequently had no standing to challenge the search of his friend’s apartment.  
See Voyles
, 133 S.W.3d at 306.  We therefore overrule Reyes’s sole point.

Having overruled Reyes’s sole point on appeal, we affirm the trial court’s judgment.
 

SUE WALKER

JUSTICE

PANEL B: LIVINGSTON, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: July 5, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Although Reyes’s motion to suppress complained of both the search of the apartment and of his car, on appeal Reyes only complains of the search of the apartment.

3:
Reyes does not specify whether this action violated his rights under the United States Constitution, the Texas Constitution, or both.  Because Reyes generally speaks of a “right to privacy” and only cites federal cases from the Sixth and Tenth Circuits in his brief to this court, we will address his issue as one complaining of violations of his rights under the United States Constitution.  
See Heitman v. State
, 815 S.W.2d 681, 690 n.23 (Tex. Crim. App. 1991) (holding that parties should designate federal and state issues as separate points of error and provide argument under each point); 
McCambridge v. State
, 712 S.W.2d 499, 501 n.9 (Tex. Crim. App. 1986), 
cert. denied
, 495 U.S. 910 (1990) (holding that when a party fails to provide argument under each point, an appellate court may treat that point as multifarious and, thus, hold that it offers nothing for review).

4:
We note that we are not bound by such authority.  
See Jeffery v. State
, 169 S.W.3d 439, 443 n.1 (Tex. App.—Texarkana 2005, pet. ref’d).