Affirmed and Memorandum Opinion filed April 10, 2008








Affirmed and Memorandum Opinion filed April 10, 2008.

 

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00382-CR

____________

 

ALBERT CAMERON, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 183rd
District Court

Harris County, Texas

Trial Court Cause No. 1067265

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Albert Cameron, Jr., appeals his conviction for
possession of a controlled substance, namely cocaine weighing more than four
grams but less than 200 grams, for which he was sentenced to 30 years in
prison. On appeal appellant challenges the sufficiency of the evidence and the
trial court=s denial of his motion to suppress evidence.  We
affirm.








BACKGROUND

On May 1, 2006, La Porte police officers were dispatched to
Bayshore Apartments after receiving an anonymous tip that drugs were being
manufactured in apartment number 3.  Upon arriving, Officers Martin and Dalton
knocked on the apartment door.  A female opened the door a few inches,
immediately shut it, and yelled, APolice; the police
are here.@  The officers knocked a second time, and Kenneth
Williams answered the door.  Williams identified himself as the lessee of the
apartment and stepped outside to speak with the officers.  While speaking with
Williams, the officers heard commotion and movement inside the apartment. 
Williams told the officers that his friend, later identified as appellant, was
alone in the apartment.  Appellant was in the bathroom, which was in full view
of the officers while they were standing at the front door of the apartment. 
Williams told appellant to come out of the bathroom.  When appellant did not
respond, the officers demanded that he come out.  Appellant finally exited the
bathroom and became argumentative.  Appellant walked towards the officers
wearing hospital scrubs covered in a white powdery substance that smelled
similar to the household cleaning agent Comet.  

Williams was arrested for an outstanding warrant.  When
Officer Martin requested Williams= consent to search
the apartment, appellant became extremely belligerent and physically
aggressive.  Using profanity, he told Williams not to give the officers consent
to search the apartment.  After observing appellant=s aggressive
conduct, the officers attempted to detain appellant for safety purposes. 
Appellant resisted and became physically combative with the officers, who were
over powered by appellant=s size.   Officer Dalton, after warning
appellant to stop resisting, tasered appellant.  Minutes later, appellant was
restrained with handcuffs.   Appellant continued to be aggressive after being
restrained and made various death threats against law enforcement
officials.     








After oral and written consent by Williams, the police
searched the apartment.  Police found a cooking pot containing 10.6 grams of
cocaine on the bathroom counter.  The bathroom was covered in a white powder,
purportedly the cleaning agent Comet, similar to the white substance found on
appellant=s clothing.  In the living area, police found
marijuana cigars on the coffee table.  There was a heavy residue of cocaine in
the kitchen around the stove top burners and three razor blades encrusted with
heavy powder cocaine residue.[1]  
In the master bedroom, police discovered a large quantity of crack cocaine
inside a jewelry box in the dresser drawer and a small bag of powder cocaine
inside a purse in the closet.

Appellant was arrested for possessing the 10.6 grams of
cocaine found in the bathroom.  He was charged by indictment for felony
possession of cocaine weighing more than four grams but less than 200 grams.  A
jury found appellant guilty as alleged in the indictment and sentenced him to
30 years= confinement in
prison.  On appeal, appellant contends that: (1) the evidence is legally and
factually insufficient to support his conviction because the State failed to
affirmatively link him to the cocaine found in the bathroom and (2) the trial
court erred in denying his motion to suppress evidence of the contraband found
in the search. 

ANALYSIS








In appellant=s first two
issues, he challenges the legal and factual sufficiency of the evidence.  In a
legal sufficiency review, we view all of the evidence in the light most
favorable to the verdict and determine whether a trier of fact could have found
each element of the offense beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319 (1979); Young v. State, 14 S.W.3d 748, 753 (Tex. Crim.
App. 2000).  We give due deference to the jury=s determinations,
particularly those concerning the weight of the evidence and the credibility of
witness testimony.  Johnson v. State, 23 S.W.3d 1, 8-9 (Tex. Crim. App.
2000).  When reviewing the factual sufficiency of the evidence to support a
conviction, we review all the evidence in a neutral light, favoring neither
party.  Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas
v. State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask (1)
whether the evidence supporting the conviction, although legally sufficient, is
nevertheless so weak that the jury=s verdict seems
clearly wrong and manifestly unjust, or (2) whether, considering conflicting
evidence, the jury=s verdict is against the great weight and
preponderance of the evidence.  Watson, 204 S.W.3d at 414‑15, 417;
Johnson, 23 S.W.3d at 11.








In this case, the State is required to show that appellant
knowingly or intentionally possessed cocaine, an illegal substance, in the
amount of more than four grams but less than two hundred.  Tex. Health & Safety Code Ann. '' 481.115 (a),(d),
481.102(3)(D) (Vernon 2003).  In order to prove the possession element of this
offense, the State must  present evidence that appellant exercised care,
control, or management over the contraband and that he knew it was contraband. 
See Poindexter v. State, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); Olivarez
v. State, 171 S.W.3d 283, 291 (Tex. App.CHouston [14th
Dist.] 2005, no pet.).  When the accused is not in exclusive possession of the
place where the contraband is found, the State must affirmatively link the
accused to the contraband.  Olivarez, 171 S.W.3d at 291. We have held
that the following circumstances are evidence of affirmative links: (1)
presence of accused when the search is conducted; (2) contraband in plain view;
(3) proximity to and accessibility of the narcotic; (4) accused under the
influence of narcotics when arrested; (5) accused=s possession of
other contraband or narcotics when arrested; (6) accused=s incriminating
statements when arrested; (7) attempted flight; (8) furtive gestures; (9) odor
of contraband; (10) presence of other contraband or drug paraphernalia; (11)
accused=s right to possess
the place where the drugs were found; (12) narcotics found in enclosed place;
and (13) accused=s conduct indicating a consciousness of
guilt.  Id.  It is not the number of links that is dispositive; rather,
it is the logical force of all of the evidence, direct and circumstantial.  Coleman
v. State, 113 S.W.3d 496, 501 (Tex. App.CHouston [1st
Dist.] 2003), aff=d, 145 S.W.3d 649
(Tex. Crim. App. 2004).  Affirmative links are established by the totality of
the circumstances.  Hyett v. State, 58 S.W.3d 826, 830 (Tex. App.CHouston [14th
Dist.] 2001, pet. ref=d).  According to appellant, the State
produced insufficient evidence affirmatively linking him to the cocaine found
in Williams= bathroom.  We disagree.

The record reveals multiple affirmative links between
appellant and the cocaine. Appellant was the only individual observed to have
occupied the bathroom and last to leave prior to the search.  The bathroom was
a small confined area, and the pot containing the 10.6 grams of cocaine was in
plain view.  Appellant was in close proximity to the cocaine and had easy
access to it.   A white powdery substance that smelled like the cleaning agent
Comet was found on appellant=s clothing and spread across the
bathroom.  Detective Green testified that Comet is commonly mixed with cocaine
to alter the ability to test the drug.  Other contrabands, marijuana and powder
cocaine, were found in other areas of the apartment.  Appellant made furtive
gestures and resisted detention by the officers.  Appellant=s violent demands
that Williams not consent to a search, physical combativeness with  the
officers, and threats against law enforcement indicate a consciousness of
guilt.  Viewing the evidence in the light most favorable to the verdict, a
rational jury could have found, beyond a reasonable doubt, that appellant
knowingly or intentionally possessed cocaine weighing more than four grams and
less than 200 grams.  Furthermore, we cannot say that the evidence is so
obviously weak or greatly outweighed by contrary proof as to indicate a
manifest injustice has occurred.  We overrule appellant=s first and second
issues.

MOTION TO SUPPRESS








In appellant=s third issue, he
argues that the trial court erred in denying his motion to suppress evidence of
the contraband seized during the search.  The State responds that: (1)
appellant has no standing to challenge the search and (2) Williams, the lessee,
gave officers lawful consent to search the apartment.  We agree.  

While we review a trial court=s ruling on a
motion to suppress evidence under an abuse of discretion standard, we review
issues of standing to contest a search and seizure de novo.  Parker v. State,
182 S.W.3d 923, 925 (Tex. Crim. App. 2006); Villareal v. State, 935
S.W.2d 134, 138 (Tex. Crim. App. 1996).  Standing is an individual=s right to
complain about an allegedly illegal governmental search, and thus to exclude
evidence.  An accused has no standing to complain about the invasion of another=s personal
rights.  Voyles v. State, 133 S.W.3d 303, 305 (Tex. App.CFort Worth 2004,
no pet.).  In order to attain standing, appellant has the burden to  prove that
he had a legitimate expectation of privacy in the premises searched. Granados
v. State, 85 S.W.3d 217, 223 (Tex. Crim. App. 2002); Villarreal v. State,
893 S.W.2d 559, 561 (Tex. App.CHouston [14th Dist.] 1994), aff=d, 935 S.W.2d 134
(Tex. Crim. App. 1996).  Appellant must establish (1) that by his conduct, he
exhibited a subjective expectation of privacy and (2) circumstances existed under
which society was prepared to recognize his subjective expectation as
objectively reasonable.  See Villarreal, 935 S.W.2d at 138.  Various
factors may be considered when determining whether the accused=s subjective expectation
was one society recognizes as objectively reasonable: (1) accused=s property or
possessery interest in the place searched; (2) legitimacy of accused=s presence in the
place searched; (3) accused=s complete dominion or control and right
to exclude others; (4) accused took normal precautions prior to the search that
are customarily taken by those seeking privacy; (5) accused put the property to
some private use; and (6) accused=s claim to privacy
is consistent with traditional notions of privacy.  See Calloway v. State,
743 S.W.2d 645, 651 (Tex. Crim. App. 1988).  








Here, appellant presents no evidence showing that he had a
reasonable expectation of privacy in Williams= apartment.  
Williams identified himself as the lessee of the apartment.  When asked about
his residence by officers, appellant provided a different address.  Appellant
did not keep his clothes or other personal belongings at the apartment.  See
Villarreal, 935 S.W.2d at 137 (stating that an individual who has no
possessory or proprietary interest in the premises, but is a guest, has no
clothes in the house, or other belongings, has no legitimate privacy interest
in the premises searched).  At best, appellant was an informal guest; however,
an individual has no valid expectation of privacy in a home where he is simply
a guest.  Villarreal, 893 S.W.2d at 561.  Because appellant failed to
establish a reasonable expectation of privacy, he has no standing to challenge
the search.  We hold that the trial court did not err in denying appellant=s motion to
suppress.  Finding that appellant did not have standing to challenge the search
of Williams= apartment, we need not address the validity of
Williams= oral and written
consent to search the apartment.  We overrule appellant=s third issue.

We affirm the trial court=s judgment. 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

Judgment rendered
and Memorandum Opinion filed April 10, 2008.

Panel consists of
Chief Justice Hedges and Justices Anderson and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).                                                              









[1]  Although Claudia Busby of the Pasadena Crime Lab
testified that the razor blades were encrusted with powder cocaine, the
substance was not tested to verify that it was in fact cocaine.