**Opinion filed July 16, 2009**



## In The

# Eleventh Court of Appeals

———————

### No. 11-08-00091-CR

———————

## GARY SHAWN DIXON, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 50th District Court**
**Baylor County, Texas**
**Trial Court Cause No. 5292**

### M E M O R A N D U M   O P I N I O N

The jury convicted Gary Shawn Dixon of possession of cocaine in the amount of one gram or more but less than four grams. Appellant pleaded true to an enhancement allegation, and the jury assessed punishment at twenty years confinement.[1]  We affirm.

---

[1]This cause was tried with Cause No. 5297 in the trial court. In Cause No. 5297, the jury convicted appellant of possession of cocaine in the amount of four grams or more but less than two hundred grams. Appellant pleaded true to an enhancement allegation in that cause, and the jury assessed his punishment at ninety years confinement. Appellant has filed a separate appeal – Cause No. 11-08-00092-CR – from his conviction in that cause, and the conviction is affirmed this same day in a separate opinion. The trial court ordered that the sentence in this cause run concurrently with the sentence in Cause No. 5297.

*Issues on Appeal*

Appellant does not challenge the sufficiency of the evidence to support his conviction. Appellant presents two points of error for review. In his first point, he contends that the trial court erred in overruling his objections to the jury instructions on the issue of consent to search. In his second point, he contends that the trial court erred in overruling his motion for new trial and motion in arrest of judgment.

*Evidence at Trial*

On January 2, 2006, Craig Bailey Charo asked Seymour Police Officer Mike Griffin to check on his sister, Arlie Charo, at her apartment. Craig was concerned about Arlie's safety because he had heard about an incident involving appellant and Arlie. Craig testified that appellant and Arlie had been together, off and on, for some time. Arlie lived in an apartment at the Seymour Housing Authority. The record shows that appellant was on the housing authority's "barred list." Rhonda Gail Richardson, the director for the housing authority, testified that people on the "barred list" have caused trouble or have felony records and are not allowed on the housing authority property. She said that, if an individual on the "barred list" is on housing authority property, the individual is considered to be trespassing. Richardson also testified that, on two occasions, appellant had been served with notice that he had been barred from the property.

Officer Griffin testified that, on January 2, 2006, Craig told him that appellant had assaulted Arlie. After talking with Craig, Officer Griffin observed appellant sitting in a vehicle at the Allsup's Convenience Store. Charles Lynch was the driver of the vehicle. After Lynch exited the Allsup's parking lot, Officer Griffin followed the vehicle from a distance. Lynch parked the vehicle near Arlie's apartment at the housing authority. Officer Griffin parked behind Lynch, exited his patrol car, and approached Lynch's vehicle. Appellant was no longer in the vehicle. Officer Griffin asked Lynch where appellant was, and Lynch told him that appellant was in Amanda Birkenfeld's residence. Officer Griffin went to Birkenfeld's apartment. Birkenfeld told him that appellant was not there. Officer Griffin then went to Arlie's apartment. He knocked on the front door, and Teresa Lopez answered the door. The evidence showed that Lopez lived at the apartment with Arlie.

Officer Griffin testified that the front door consisted of an interior steel door and an exterior glass screen door. The glass screen door opened to the outside of the apartment. Officer Griffin said that he asked Lopez whether he could come inside the apartment and speak with her and that, in

2

response, Lopez opened the glass screen door, which opened directly toward him. He said that he "took" the door and stepped into the apartment. Officer Griffin believed that Lopez invited him into the apartment by opening the glass screen door for him and that she consented to him entering the apartment. He testified that Lopez allowed him into the apartment and that, once inside the apartment, nobody told him that he was not welcome inside the apartment or asked him to leave.

Officer Griffin testified that he asked Lopez if he could speak with Arlie and that Lopez responded, "She's in the kitchen." Officer Griffin approached the kitchen, and he saw appellant and Arlie in the kitchen. Officer Griffin testified that appellant had been barred from the housing authority property. The housing authority had instructed the police to arrest "barred" individuals for criminal trespass if the police found them on housing authority property. Officer Griffin arrested appellant for criminal trespass. Officer Griffin placed appellant in handcuffs, escorted him to the patrol car, and searched his clothing for weapons and contraband. During the search, Officer Griffin found a clear plastic bag in appellant's jacket pocket. Officer Griffin testified that the bag contained a substance that he recognized to be crack cocaine. Testing of the substance revealed that it weighed 3.75 grams and contained cocaine.

Appellant's counsel called Lopez as a witness. Lopez testified that Officer Griffin knocked on the door and that she answered the door. She said that she opened the glass screen door. She also said that Officer Griffin did not ask her whether he could come into the apartment and visit with her. Lopez testified that Officer Griffin asked her if Arlie was at the apartment and that she told him that Arlie was there. Lopez said that, at that time, Arlie was in the kitchen. Lopez said that she hollered to the kitchen, "Arlie, Mike Griffin's here." She also said that she did not receive any response from Arlie. Lopez said that she called Arlie a total of three times but that Arlie did not say anything or come out of the kitchen. Lopez testified that Officer Griffin entered the apartment and went into the kitchen. She said that Officer Griffin did not ask her whether he could go into the kitchen and look for Arlie. On cross-examination, Lopez testified that she had an idea that Officer Griffin had come to the apartment to get appellant for assaulting Arlie earlier in the day. She also testified that she did not feel threatened by Officer Griffin.

*Analysis*

Appellant objected to the trial court instructing the jury on the issue of whether Officer Griffin had consent to search the apartment. Appellant asserted that "there [was] no effective

3

consent, either implied or express, for Officer Griffin to go into the kitchen [or to] conduct any search of any room in the apartment." In essence, appellant argued that the evidence did not support submitting the consent issue to the jury and that, therefore, the trial court should rule that Officer Griffin lacked consent to go into the kitchen of the apartment. The trial court overruled appellant's objections and instructed the jury on the consent issue. In his first point of error, appellant argues that the trial court erred in submitting instructions to the jury on the consent issue. In his second point of error, appellant contends that the trial court erred in overruling his motion for new trial and motion in arrest of judgment. In these motions, appellant asserted that the State failed to prove that Officer Griffin had consent to search.

Article 38.23(a) of the Code of Criminal Procedure, which is the Texas exclusionary rule, provides as follows:

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.
>
> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon 2005). An Article 38.23(a) instruction must be included in the jury charge if there is a factual dispute about whether evidence was illegally obtained. *Pickens v. State*, 165 S.W.3d 675, 680 (Tex. Crim. App. 2005); *Garza v. State*, 126 S.W.3d 79, 85 (Tex. Crim. App. 2004). A fact issue about whether evidence was legally obtained may be raised from any source, and the evidence may be strong, weak, contradicted, unimpeached, or unbelievable. *Garza*, 126 S.W.3d at 86.

The trial court's instructions to the jury on the consent issue were based on Article 38.23(a). The trial court instructed the jury as follows:

> You are instructed that consent is most often expressed, but can also be implied. You are further instructed that a room-mate can give effective consent to enter and to search areas under their joint control and use. Now before you consider the testimony of [Officer] Griffin concerning the arrest of [appellant] and the seizure of Cocaine incident to such arrest, you must first find beyond a reasonable doubt that

4

[Officer] Griffin had consent or believed he had consent to enter the apartment of Arlie Charo, and if you do not so find beyond a reasonable doubt, you must disregard such testimony and evidence.

Officer Griffin's testimony conflicted with Lopez's testimony on the consent issue. The conflicting testimony raised a fact issue as to whether Officer Griffin obtained consent from Lopez to enter the apartment and kitchen of the apartment. Therefore, we hold that the trial court did not err in submitting jury instructions on the consent issue.

In addition, appellant has not shown that he has standing to challenge the validity of the search of the apartment.[2] An accused has standing to contest a search under the Fourth Amendment only if he had a legitimate expectation of privacy in the place that government officials or agents invaded. *Granados v. State*, 85 S.W.3d 217, 222-23 (Tex. Crim. App. 2002). An accused has no standing to complain about the invasion of another's personal rights. *Voyles v. State*, 133 S.W.3d 303, 305 (Tex. App.—Fort Worth 2004, no pet.). The accused bears the burden of establishing standing to object to a search. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); *State v. Klima*, 934 S.W.2d 109, 110 (Tex. Crim. App. 1996). To carry this burden, the accused must prove (1) that, by his conduct, he exhibited a subjective expectation of privacy and (2) that circumstances existed under which society was prepared to recognize his subjective expectation as objectively reasonable. *Villarreal*, 935 S.W.2d at 138. Several nonexclusive factors are relevant to determining whether a given claim of privacy is objectively reasonable: (1) whether the accused had a property or possessory interest in the place invaded; (2) whether he was legitimately in the place invaded; (3) whether he had complete dominion or control and the right to exclude others; (4) whether, before the intrusion, he took normal precautions customarily taken by those seeking privacy; (5) whether he put the place to some private use; and (6) whether his claim of privacy is consistent with historical notions of privacy. *Granados*, 85 S.W.3d at 223; *Villarreal*, 935 S.W.2d at 138.

Appellant failed to present any evidence showing that he had a reasonable expectation of privacy in the apartment, and the evidence at trial belies such a contention. The evidence showed

___

[2]The State did not raise the issue of appellant's standing to challenge the search in the trial court but has raised the issue in its brief in this court. The issue of standing to challenge a search may be raised for the first time on appeal. *State v. Klima*, 934 S.W.2d 109, 110 (Tex. Crim. App. 1996); *Schultze v. State*, 177 S.W.3d 26, 32 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd).

that Arlie and Lopez lived at the apartment. Appellant did not live at the apartment. Appellant had been barred from being on housing authority property and, therefore, he was trespassing at the time Officer Griffin arrived at the apartment. Because appellant failed to establish a reasonable expectation of privacy, he has no standing to challenge the search of the apartment.

Because the trial court did not err in submitting instructions to the jury on the issue of whether Officer Griffin had consent to search the apartment and because appellant failed to demonstrate that he had standing to challenge the validity of the search, we overrule appellant's points of error.

*This Court's Ruling*

We affirm the judgment of the trial court.

TERRY McCALL

JUSTICE

July 16, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.