Opinion filed July 16, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed July 16,
2009

 

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-08-00091-CR

                                                    __________

 

                                   GARY
SHAWN DIXON, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 50th District Court

                                              Baylor
County, Texas

                                         Trial
Court Cause No. 5292

 



 

                                             M
E M O R A N D U M   O P I N I O N

The
jury convicted Gary Shawn Dixon of possession of cocaine in the amount of one
gram or more but less than four grams.  Appellant pleaded true to an
enhancement allegation, and the jury assessed punishment at twenty years
confinement.[1]  We affirm.  








                                                                 Issues
on Appeal

Appellant
does not challenge the sufficiency of the evidence to support his conviction. 
Appellant presents two points of error for review.  In his first point, he
contends that the trial court erred in overruling his objections to the jury
instructions on the issue of consent to search.  In his second point, he
contends that the trial court erred in overruling his motion for new trial and
motion in arrest of judgment.

                                                                Evidence
at Trial

On
January 2, 2006, Craig Bailey Charo asked Seymour Police Officer Mike Griffin
to check on his sister, Arlie Charo, at her apartment.  Craig was concerned
about Arlie=s safety
because he had heard about an incident involving appellant and Arlie.  Craig
testified that appellant and Arlie had been together, off and on, for some
time.  Arlie lived in an apartment at the Seymour Housing Authority.  The
record shows that appellant was on the housing authority=s Abarred
list.@  Rhonda Gail
Richardson, the director for the housing authority, testified that people on
the Abarred list@ have caused trouble or have
felony records and  are not allowed on the housing authority property.  She
said that, if an individual on the Abarred
list@ is on housing
authority property, the individual is considered to be trespassing.  Richardson
also testified that, on two occasions, appellant had been served with notice
that he had been barred from the property.

Officer
Griffin testified that, on January 2, 2006, Craig told him that appellant had
assaulted Arlie.  After talking with Craig, Officer Griffin observed appellant
sitting in a vehicle at the Allsup=s
Convenience Store.  Charles Lynch was the driver of the vehicle.  After Lynch
exited the Allsup=s
parking lot, Officer Griffin followed the vehicle from a distance.  Lynch
parked the vehicle near Arlie=s
apartment at the housing authority.  Officer Griffin parked behind Lynch,
exited his patrol car, and approached Lynch=s
vehicle.  Appellant was no longer in the vehicle.  Officer Griffin asked Lynch
where appellant was, and Lynch told him that appellant was in Amanda Birkenfeld=s residence.  Officer
Griffin went to Birkenfeld=s
apartment.  Birkenfeld told him that appellant was not there.  Officer Griffin
then went to Arlie=s
apartment.  He knocked on the front door, and Teresa Lopez answered the door. 
The evidence showed that Lopez lived at the apartment with Arlie.








Officer
Griffin testified that the front door consisted of an interior steel door and
an exterior glass screen door.  The glass screen door opened to the outside of
the apartment.  Officer Griffin said that he asked Lopez whether he could come
inside the apartment and speak with her and that, in response, Lopez opened the
glass screen door, which opened directly toward him.  He said that he Atook@ the door and stepped into the apartment. 
Officer Griffin believed that Lopez invited him into the apartment by opening
the glass screen door for him and that she consented to him entering the
apartment.  He testified that Lopez allowed him into the apartment and that,
once inside the apartment, nobody told him that he was not welcome inside the
apartment or asked him to leave.

Officer
Griffin testified that he asked Lopez if he could speak with Arlie and that
Lopez responded, AShe=s in the kitchen.@  Officer Griffin
approached the kitchen, and he saw appellant and Arlie in the kitchen.  Officer
Griffin testified that appellant had been barred from the housing authority
property.  The housing authority had instructed the police to arrest  Abarred@ individuals for criminal
trespass if the police found them on housing authority property.  Officer
Griffin arrested appellant for criminal trespass.  Officer Griffin placed
appellant in handcuffs, escorted him to the patrol car, and searched his
clothing for weapons and contraband.  During the search, Officer Griffin found
a clear plastic bag in appellant=s
jacket pocket.  Officer Griffin testified that the bag contained a substance
that he recognized to be crack cocaine.  Testing of the substance revealed that
it weighed 3.75 grams and contained cocaine.

Appellant=s counsel called Lopez as a
witness.  Lopez testified that Officer Griffin knocked on the door and that she
answered the door.  She said that she opened the glass screen door.  She also
said that Officer Griffin did not ask her whether he could come into the
apartment and visit with her. Lopez testified that Officer Griffin asked her if
Arlie was at the apartment and that she told him that Arlie was there.  Lopez
said that, at that time, Arlie was in the kitchen.  Lopez said that she
hollered to the kitchen, AArlie,
Mike Griffin=s here.@  She also said that she
did not receive any response from Arlie.  Lopez said that she called Arlie a
total of three times but that Arlie did not say anything or come out of the
kitchen.  Lopez testified that Officer Griffin entered the apartment and went
into the kitchen.  She said that Officer Griffin did not ask her whether he
could go into the kitchen and look for Arlie.  On cross-examination, Lopez
testified that she had an idea that Officer Griffin had come to the apartment
to get appellant for assaulting Arlie earlier in the day.  She also testified
that she did not feel threatened by Officer Griffin.

                                                                        Analysis








Appellant
objected to the trial court instructing the jury on the issue of whether
Officer Griffin had consent to search the apartment.  Appellant asserted that Athere [was] no effective
consent, either implied or express, for Officer Griffin to go into the kitchen
[or to] conduct any search of any room in the apartment.@  In essence, appellant argued that the
evidence did not support submitting the consent issue to the jury and that,
therefore, the trial court should rule that Officer Griffin lacked consent to
go into the kitchen of the apartment.  The trial court overruled appellant=s objections and instructed
the jury on the consent issue.  In his first point of error, appellant argues
that the trial court erred in submitting instructions to the jury on the
consent issue.  In his second point of error, appellant contends that the trial
court erred in overruling his motion for new trial and motion in arrest of
judgment.  In these motions, appellant asserted that the State failed to prove
that Officer Griffin had consent to search.

Article
38.23(a) of the Code of Criminal Procedure, which is the Texas exclusionary
rule, provides as follows:

No
evidence obtained by an officer or other person in violation of any provisions
of the Constitution or laws of the State of Texas, or of the Constitution or
laws of the United States of America, shall be admitted in evidence against the
accused on the trial of any criminal case.

 

In
any case where the legal evidence raises an issue hereunder, the jury shall be
instructed that if it believes, or has a reasonable doubt, that the evidence
was obtained in violation of the provisions of this Article, then and in such
event, the jury shall disregard any such evidence so obtained.

   

Tex. Code Crim. Proc. Ann. art.
38.23(a) (Vernon 2005).  An Article 38.23(a) instruction must be included in
the jury charge if there is a factual dispute about whether evidence was
illegally obtained.  Pickens v. State, 165 S.W.3d 675, 680 (Tex. Crim.
App. 2005); Garza v. State, 126 S.W.3d 79, 85 (Tex. Crim. App. 2004).  A
fact issue about whether evidence was legally obtained may be raised from any
source, and the evidence may be strong, weak, contradicted, unimpeached, or
unbelievable.  Garza, 126 S.W.3d at 86.

The
trial court=s
instructions to the jury on the consent issue were based on Article 38.23(a).
The trial court instructed the jury as follows:








You are
instructed that consent is most often expressed, but can also be implied.  You
are further instructed that a room-mate can give effective consent to enter and
to search areas under their joint control and use.  Now before you consider the
testimony of [Officer] Griffin concerning the arrest of [appellant] and the
seizure of Cocaine incident to such arrest, you must first find beyond a
reasonable doubt that [Officer] Griffin had consent or believed he had consent
to enter the apartment of Arlie Charo, and if you do not so find beyond a
reasonable doubt, you must disregard such testimony and evidence.  

 

Officer Griffin=s testimony conflicted with
Lopez=s testimony on
the consent issue.  The conflicting testimony raised a fact issue as to whether
Officer Griffin obtained consent from Lopez to enter the apartment and kitchen
of the apartment.  Therefore, we hold that the trial court did not err in
submitting jury instructions on the consent issue. 

In
addition, appellant has not shown that he has standing to challenge the
validity of the search of the apartment.[2] 
An accused has standing to contest a search under the Fourth Amendment only if
he had a legitimate expectation of privacy in the place that government
officials or agents invaded.  Granados v. State, 85 S.W.3d 217, 222-23
(Tex. Crim. App. 2002).  An accused has no standing to complain about the
invasion of another=s
personal rights.  Voyles v. State, 133 S.W.3d 303, 305 (Tex. App.CFort Worth 2004, no pet.). 
The accused bears the burden of establishing standing to object to a search.  Villarreal
v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); State v. Klima,
934 S.W.2d 109, 110 (Tex. Crim. App. 1996).  To carry this burden, the accused
must  prove (1) that, by his conduct, he exhibited a subjective expectation of
privacy and (2) that circumstances existed under which society was prepared to
recognize his subjective expectation as objectively reasonable.  Villarreal,
935 S.W.2d at 138.  Several nonexclusive factors are relevant to determining
whether a given claim of privacy is objectively reasonable: (1) whether the
accused had a property or possessory interest in the place invaded; (2) whether
he was legitimately in the place invaded; (3) whether he had complete dominion
or control and the right to exclude others; (4) whether, before the
intrusion, he took normal precautions customarily taken by those seeking
privacy; (5) whether he put the place to some private use; and (6) whether his
claim of privacy is consistent with historical notions of privacy.  Granados,
85 S.W.3d at 223; Villarreal, 935 S.W.2d at 138. 








Appellant
failed to present any evidence showing that he had a reasonable expectation of
privacy in the apartment, and the evidence at trial belies such a contention. 
The evidence showed that Arlie and Lopez lived at the apartment.  Appellant did
not live at the apartment.  Appellant had been barred from being on housing
authority property and, therefore, he was trespassing at the time Officer
Griffin arrived at the apartment.  Because appellant failed to establish a
reasonable expectation of privacy, he has no standing to challenge the search
of the apartment.

Because
the trial court did not err in submitting instructions to the jury on the issue
of whether Officer Griffin had consent to search the apartment and because
appellant failed to demonstrate that he had standing to challenge the validity
of the search, we overrule appellant=s
points of error.

                                                               This
Court=s Ruling

We
affirm the judgment of the trial court.

 

 

TERRY McCALL

JUSTICE

 

July 16, 2009

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J., 

McCall, J., and Strange, J.









[1]This cause was tried with Cause No. 5297 in the trial
court.  In Cause No. 5297, the jury convicted appellant of possession of
cocaine in the amount of four grams or more but less than two hundred grams.  Appellant
pleaded true to an enhancement allegation in that cause, and the jury assessed
his punishment at ninety years confinement.  Appellant has filed a separate
appeal B Cause No. 11-08-00092-CR B from his conviction in that cause, and the conviction
is affirmed this same day in a separate opinion.  The trial court ordered that
the sentence in this cause run concurrently with the sentence in Cause No.
5297.





[2]The State did not raise the issue of appellant=s standing to challenge the search in the trial court
but has raised the issue in its brief in this court.  The issue of standing to
challenge a search may be raised for the first time on appeal.  State v.
Klima, 934 S.W.2d 109, 110 (Tex. Crim. App. 1996); Schultze v. State,
177 S.W.3d 26, 32 (Tex. App.CHouston [1st
Dist.] 2005, pet. ref=d).