**In the Matter of J.R.C.**

**No. 03–99–00776–CV.**

Court of Appeals of Texas, Austin.

Aug. 10, 2000.

Christina Bebb Peterson, Peterson & Peterson Assoc. P.C., Georgetown, for Appellant.

C. Bryan Case, Jr., Asst. Dist. Atty., Austin, for the State.

Before Chief Justice ABOUSSIE, Justices KIDD and B.A. SMITH.

BEA ANN SMITH, Justice.

The State charged that J.R.C., a juvenile, committed the offense of possession of cocaine. *See* Tex. Health & Safety Code Ann. § 481.115(d) (West Supp.2000). After overruling his motion to suppress evidence, the district court sitting as a juvenile court adjudicated J.R.C. to have engaged in delinquent conduct and ordered that he be placed in the custody of the Texas Youth Commission. Appellant argues that police conducted an illegal search when they identified his car by pushing the remote control device attached to his keys. We overrule the contention and affirm the juvenile court's adjudication and disposition orders.

## Background

Austin Police Officers Scott Perry and Billy Hurst testified at the suppression hearing. On July 24, 1999, at about 2:30 a.m., Officer Perry responded to a 911 call from the South Congress Motor Inn in Austin. A security guard suspected that a female staying in one of the motel rooms was a juvenile runaway. Officer Perry arrived and spoke with the suspected runaway. Officer Hurst arrived soon after and spoke with appellant, allegedly the suspected runaway's boyfriend. Both officers knew the motel was a high crime area from which the police receive many calls regarding violence and drug incidents. Given the late hour, the location, and appellant's nervous appearance, Officer Hurst frisked him for weapons. While doing so, he noticed that appellant had keys shoved into his shoe. The officer asked if he could hold the keys and appellant responded, "No problem." Officer Hurst explained that for safety reasons he felt more comfortable holding the keys because a key may be used to stab one in the face. Officer Hurst asked if appellant had a car in the area and he said, "No." Officer Hurst shoved the keys into his waistline behind his utility belt and asked appellant for identification. Appellant said he had none but gave his name and birthday first to Officer Hurst and again to Officer Perry.

Appellant gave his correct name, said that his birthday was January 18, 1980, and told Officer Perry that he was eighteen years old. Officer Perry informed him that if he had given his correct birthday, he must not be eighteen years old. Appellant insisted that was his birthday and that he was eighteen years old. Officer Perry ran a check through the police computer which indicated that appellant was born in 1983 and that he had had several dealings with the police. Appellant denied having had any contact with the police and insisted that the computer information must be wrong. Officer Perry handcuffed appellant, arrested him for failure to identify himself, and placed him in the patrol car.

After appellant was arrested, Officer Hurst began pushing the buttons on the remote device attached to appellant's keys. He heard the chirping sound of car doors unlocking about four spaces away. He went to the chirping car and looked inside. He saw that the steering column was "busted on the side," a sign that the car was stolen, and he saw a plastic bag partially under the front armrest that contained what looked like cocaine. Officer Hurst inquired about the car and the drugs. Appellant denied knowing anything about the drugs and said that the car belonged to his mother. The officers impounded the car. Officer Perry drove appellant to the juvenile detention hall where he was charged with possession of cocaine.

Appellant filed a motion to suppress the evidence contending that when Officer Hurst pressed the buttons on the key remote he was conducting an illegal search. The juvenile court overruled the motion to suppress. Appellant challenges this ruling in a single issue on appeal.

### Discussion

■ We conduct a bifurcated review of a suppression hearing, giving almost total deference to the trial court's findings of fact but conducting a *de novo* review of the court's application of law to those facts. *See Carmouche v. State*, 10 S.W.3d 323, 327 (Tex.Crim.App.2000) (citing *Guzman v. State*, 955 S.W.2d 85, 88–89 (Tex.Crim. App.1999)). In reviewing the factual basis for the trial court's ruling, we view the evidence in a light most favorable to the ruling. *See id.* In a suppression hearing, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *See State v. Ballard*, 987 S.W.2d 889, 891 (Tex.Crim.App.1999). We assume the trial court made reasonable factual inferences and made "implicit findings of fact sup-

ported in the record that buttress its conclusion." *Carmouche*, 10 S.W.3d at 327. We then review *de novo* the trial court's application of the law to the facts. *See id.*

■ The first issue is whether the act of pushing buttons on a car key remote control in this instance was sufficiently intrusive to constitute a search. The State contends that it was not. Not every act that results in the discovery of evidence is a search. The detection of contraband by a trained dog is not a search within the meaning of the Fourth Amendment. *See United States v. Place*, 462 U.S. 696, 707, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983); *Hill v. State*, 951 S.W.2d 244, 250 (Tex.App.— Houston [14th Dist.] 1997, no pet.) A canine sniff is much less intrusive than a typical search and the information obtained is limited to the presence of contraband. *See Place*, 462 U.S. at 707, 103 S.Ct. 2637. In this case, pushing the button on the remote device allowed the officer to identify the responding car but did not expose anything hidden from view. The only information obtained was the presence and location of a car under appellant's control. We hold that this detection and identification of appellant's car is less intrusive than a search as defined by the Fourth Amendment.

■ Even if pushing the button on the car's remote control was sufficiently intrusive to constitute a search, appellant has failed to show that the officers invaded a protected privacy interest. The car was located in an open parking lot and was not hidden from view. Activating the remote only led to the identification of the car after appellant had denied having a car in the area. Officer Hurst did not enter onto any property in which appellant had a protected privacy interest until after he observed the cocaine in plain view through the car window.

Even assuming that appellant had a privacy interest that was violated, the officer's action in pressing the remote control buttons and identifying the location of the car was reasonable in light of the circumstances: appellant consented to the officer's taking possession of the keys; he lied about his age and about not having had any previous run-ins with the police; he lied about having a car in the area; and he was in the company of a female juvenile runaway at 2:30 a.m. in a motel known to be a common site for drug transactions. The juvenile court properly overruled the motion to suppress. Appellant's contention is overruled, and the juvenile court's adjudication and disposition orders are affirmed.