Affirmed as Modified; Opinion Filed December 5, 2012.



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-11-01066-CR

**REGINALD NUNLEY, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Dallas County, Texas**
**Trial Court Cause No. F10-61607-H**

# OPINION

Before Justices Richter, Lang-Miers, and Myers
Opinion By Justice Myers

Reginald Nunley appeals his conviction for unlawful possession of a firearm by a felon. After finding appellant guilty, the jury assessed his punishment at eight years' imprisonment and a $5000 fine. Appellant brings two issues on appeal contending (1) the trial court abused its discretion by denying appellant's motion to suppress, and (2) the evidence is insufficient to support his conviction because the evidence did not link appellant to the firearm. We modify the trial court's judgment to include the $5000 fine, and we affirm the judgment as modified.

## BACKGROUND

Appellant was convicted of robbery on March 27, 2001. On the evening of October 11, 2010,

Dallas Police Officer Emmanuel Strand and his partner were on patrol in central Dallas in a high crime area. Strand saw appellant sitting on the sidewalk in front of a closed business. Appellant had his feet stretched out in front of him blocking the sidewalk, and a pedestrian had to walk around him. As Strand approached appellant, appellant put his hand in his pocket, and Strand heard a beeping noise "like a car alarm or something being locked." Strand did not know what appellant was reaching for in his pocket, and he asked appellant to take his hands out of his pockets and to walk to the police car. Strand asked appellant if he had anything in his pockets, and appellant said he did not. Strand asked for permission to pat down appellant, and appellant said "go ahead." Strand found keys in appellant's pocket, and appellant gave Strand permission to remove the keys. Strand asked appellant if the keys were his, and appellant said they were not and that he had found them. Strand pressed the unlock button on the key, and he heard the beeping noise he had heard earlier. Strand asked appellant where the car was, but appellant remained silent. When Strand pressed the button on the key again, he saw lights flashing on a Lincoln Town Car parked on the street about thirty feet away. Strand walked up to the car, shined his flashlight through the driver's window, and saw the butt of a pistol sticking out of the "wedge" between the driver's and passenger's seats. Strand secured the pistol and searched the car. In a pocket on the back of the driver's seat, Strand found an insurance claim form with appellant's name on it. Nothing in the document pertained to the car. In the trunk, Strand found a backpack containing pictures depicting appellant and other people. The backpack also contained some of appellant's clothes and other personal items. Strand found another set of pictures in the glovebox or the driver's visor that included appellant. Strand checked the car on his computer, and it was not registered to appellant. Strand's partner checked appellant's identification and discovered he had been convicted of a felony.

# MOTION TO SUPPRESS

In his first issue, appellant contends the trial court erred by denying appellant's motion to suppress. Appellant contends he did not consent to Strand's using the remote door-lock button on the key to find the car and that Strand's using the remote door-lock function to find the car exceeded the scope of appellant's consent to search.

We apply a bifurcated standard of review to a trial court's ruling on a motion to suppress evidence. *Randolph v. State*, 152 S.W.3d 764, 769 (Tex. App.—Dallas 2004, no pet.). This standard gives almost total deference to a trial court's determination of historical facts and applies a de novo review of the trial court's application of the law to those facts. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The trial court is the sole trier of fact, the judge of witness credibility, and the determiner of the weight given to witness testimony. *Randolph*, 152 S.W.3d at 769. We must sustain a trial court's decision to overrule a motion to suppress if the decision is reasonably supported by the record and is correct under any theory of law applicable to the case. *See Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003). When, as in this case, the trial judge denies a motion to suppress and does not enter findings of fact, we view the evidence in the light most favorable to the trial court's ruling, and we assume the trial court made implicit findings of fact supporting his ruling as long as those findings are supported by the record. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

Generally, a search conducted without a warrant is unreasonable and is prohibited by the Fourth Amendment. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973); *Reasor v. State*, 12 S.W.3d 813, 817 (Tex. Crim. App. 2000). Consent to search is "one of the well-established exceptions to the constitutional requirements of both a warrant and probable cause." *Carmouche v. State*, 10 S.W.3d 323, 331 (Tex. Crim. App. 2000).

Appellant argues he consented only to Strand patting him down and to Strand removing the keys from his pocket and verifying that the keys were not a weapon. Appellant asserts he did not consent to Strand's using the remote door-lock function on the key to locate the car, and Strand's pressing the unlock button on the key to find the car exceeded the scope of appellant's consent. The State argues that Strand's use of the remote door-lock function on the key to locate the car was not a search under the Fourth Amendment.

A defendant seeking to suppress evidence based on an alleged violation of the Fourth Amendment must show the challenged search violated his reasonable expectation of privacy or involved an unreasonable physical trespass on a constitutionally protected area for the purpose of obtaining information. *United States v. Jones*, 132 S. Ct. 945, 950–53 (2012); *United States v. Cowan*, 674 F.3d 947, 955 (8th Cir.), *cert. denied*, 133 S. Ct. 379 (2012); *Wiley v. State*, No. 01-11-00147-CR, 2012 WL 3773293, *8 (Tex. App.—Houston [1st Dist.] Aug. 30, 2012, pet. filed).

Strand pressed the remote door-lock button to identify the car associated with the key. The act of transmitting the electronic signal from the key to the car did not constitute a trespass. *Cowan*, 674 F.3d at 956; *see Jones*, 132 S. Ct. at 953 ("Situations involving merely the transmission of electronic signals without trespass would *remain* subject to *Katz* [reasonable expectation of privacy] analysis."). Likewise, there is no reasonable expectation of privacy in whether a key is associated with a particular car when, as in this case, the car is parked in a publicly accessible area. *See Cowan*, 674 F.3d at 955 ("Pressing the alarm button on the key fob was a way to identify the car and did not tell the officers anything about the fob's code or the car's contents."). Moreover, appellant disclaimed any privacy interest in the keys when he told Strand the keys were not his and that he had found them.

Because there was no trespass on appellant's property nor an invasion of a reasonable

-4-

expectation of privacy, Strand's use of the key's remote door-lock function was not a search. *See Cowan*, 674 F.3d at 955–56; *Wiley*, 2012 WL 3773293, at \*10; *In re J.R.C.*, 64 S.W.3d 47, 50 (Tex. App.—Austin 2000, no pet.). Accordingly, appellant's consent to the use of the remote door-lock function to find the car was not necessary.

We conclude the trial court did not err by denying appellant's motion to suppress. We overrule appellant's first issue.

## SUFFICIENCY OF THE EVIDENCE

In his second issue, appellant contends the evidence is insufficient to affirmatively link appellant to the gun. In reviewing a challenge to the sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011). We defer to the fact finder's credibility and weight determinations because the fact finder is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See Jackson*, 443 U.S. at 326.

The police charged appellant with intentional and knowing possession of a firearm. "'Possession' means actual care, custody, control, or management." TEX. PENAL CODE ANN. § 1.07(39) (West Supp. 2012). The State must show appellant exercised actual care, control, or custody of the firearm, he was conscious of his connection with the firearm, and he possessed the firearm knowingly or intentionally. *Smith v. State*, 176 S.W.3d 907, 916 (Tex. App.—Dallas 2005, pet. ref'd). When there is no evidence the appellant was in exclusive control of the place where the firearm was found, the State must offer additional, independent facts and circumstances affirmatively linking him to the firearm. *Id.* Factors that may establish affirmative links include whether:

(1) the contraband was in plain view, *see Evans v. State*, 202 S.W.3d 158, 162 n.12

–5–

(Tex. Crim. App. 2006);

(2) the place where the contraband was found was enclosed, *see id.*;

(3) the defendant made furtive gestures, *see id.*;

(4) the defendant had keys to the premises where the contraband was found, *see Garcia v. State*, 753 S.W.2d 187, 188 (Tex. App.—San Antonio 1988, pet. ref'd);

(5) the defendant's name appeared on receipts, envelopes, and other documents found on the premises, *see Herrera v. State*, 561 S.W.2d 175, 179 (Tex. Crim. App. 1978); and

(6) photographs of the defendant are found on the premises, *see id.*

Assuming appellant was not in exclusive control of the car, there is evidence affirmatively linking him to the gun in the car. The gun was in plain view in the passenger area of the car, which was an enclosed place. Appellant was in possession of the key to the car, which gave him control over the car and ready access to the gun. When appellant saw the police coming toward him, he made a furtive gesture by putting his hand in his pocket and operating the remote door function on the key. In the trunk of the car, the police found a backpack containing appellant's clothes and personal items and photographs of appellant. In the passenger area of the car, the police found an insurance claim form with appellant's name on it, and they found more photographs of appellant. We conclude these facts are sufficient to affirmatively link appellant to the gun. We overrule appellant's second issue.

## MODIFICATION OF JUDGMENT

We note the written judgment recites appellant's sentence did not include a fine. The record, however, shows the jury's assessment of punishment included a $5000 fine and the trial court's oral pronouncement of the sentence included a $5000 fine. When there is a conflict between the oral pronouncement of sentence in open court and the sentence set out in the written judgment, the oral

pronouncement controls. *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003). A court of appeals may reform the written judgment to conform to the orally pronounced sentence. TEX. R. APP. P. 43.2(b); *Thompson*, 108 S.W.3d at 290. Accordingly, on our own motion, we modify the judgment to show appellant's sentence includes a fine of $5000. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd) (en banc).

## CONCLUSION

We modify the trial court's judgment to include the $5000 fine, and we affirm the judgment as modified.

_____
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
111066F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

REGINALD NUNLEY, Appellant

No. 05-11-01066-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court of Dallas County, Texas. (Tr.Ct.No. F10-61607-H).
Opinion delivered by Justice Myers, Justices Richter and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section entitled "Fine:" is **MODIFIED** to show "$5000."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered November 5, 2012.

_____
LANA MYERS
JUSTICE